THEODORE MILGROOM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 59600. Filed March 31, 1959.

*James B. Muldoon, Esq.*, for the petitioner.
*Chester M. Howe, Esq.*, for the respondent.

OPINION.

KERN, *Judge:* The first question presented herein is whether petitioner is entitled to exemptions for his three children during the year 1953. The resolution of this question depends on whether the children received more than one-half of their support from petitioner during that year. Respondent disallowed the exemptions because petitioner, according to the deficiency notice, "failed to substantiate [his] claim to these dependency credits." The only testimony adduced at the trial herein was that of petitioner. Neither party called other witnesses. There is nothing to cause us to disbelieve or even doubt any part of petitioner's testimony. We are troubled only by the problem of whether this testimony, together with the facts stipulated, is sufficient to warrant a decision of this issue in favor of petitioner.

Respondent has not determined that petitioner's children did not receive more than one-half of their support from petitioner during the taxable year. He has merely disallowed the exemptions because of petitioner's failure "to substantiate [his] claim to these dependency credits." It is established by the record that petitioner contributed $1,710.83 (an average weekly payment of $32.90) to the support of his children during 1953, that his wife through her attorney agreed on the sum of $25 a week as an amount to be paid for the support of the children pending the divorce action, that the court having jurisdiction over the divorce action ordered the payment of $30 a week "for the maintenance of said children," that the average weekly cost of the support of two children in 1951 and 1952 was the approximate amount of $20, and that the standard of living of the children in 1953 was no higher than in prior years. In view of the pleadings and record herein it is our opinion that the facts established by the stipulation and petitioner's testimony warrant the conclusion that petitioner's children received more than one-half of their support from petitioner during the taxable year and that petitioner is therefore entitled to the dependency credits claimed by him and disallowed by respondent.

The deductibility of the full amount of the taxes and interest paid in 1953 depends on whether they were obligations owed by petitioner

and whether they may be considered as having been paid by him in the taxable year.

The common law conception of a tenancy by the entirety exists in Massachusetts. See *Robert C. Cooley*, 27 B.T.A. 986, affd. 75 F. 2d 188, and cases therein cited. Accordingly, petitioner was liable for the payment of all taxes and mortgage interest with regard to the property held in the names of petitioner and his wife as tenants by the entirety at the time when they were paid. *F. C. Nicodemus, Jr.*, 26 B.T.A. 125.

A more difficult question is whether the taxes and interest may be considered as having been paid by the petitioner. As a matter of mechanics the remittances by which they were paid were made by the persons purchasing the real estate who thereupon subtracted the amounts paid from the purchase price payable to the entirety composed of petitioner and his then wife. Thus in effect they were paid from the proceeds of the sale of the property held in the names of petitioner and his wife as tenants by the entirety. The crucial question is whether petitioner was entitled to the receipt of the entire amount of those proceeds or whether he was entitled to the receipt of only half of any payments made on account of such proceeds. This is a question upon which State law is controlling. See 10 Mertens, Law of Federal Income Taxation sec. 61.04, and cases therein cited. In *Robert C. Cooley*, *supra* at 987, 988, we commented on the law of Massachusetts with regard to tenancies by the entirety as follows:

In *Licker* v. *Gluskin* (1929), 265 Mass. 403; 164 N.E. 613, the Supreme Judicial Court of Massachusetts, after analyzing the various decisions on the subject of estates by the entirety, said:

"Thus by a series of decisions, it is established that the rights of a husband in an estate by the entirety are the same as they existed at common law."

At common law the husband during coverture and as between himself and wife, had the absolute and exclusive right to the control, use, possession, rents, issues and profits of property held as tenants by the entirety. The common law rule is followed in Massachusetts.

The more recent case of *Pineo* v. *White*, 320 Mass. 487, 70 N.E. 2d 294, reaffirms the law of Massachusetts on this point.

Since a husband is entitled under the law of Massachusetts to the possession of property held in a tenancy by the entirety, it would follow that he is entitled to the possession of the proceeds of such property. See *Childs* v. *Childs*, 293 Mass. 67, 199 N.E. 383. Therefore we conclude that petitioner was entitled to the proceeds of the sale of the property here in question, and when a part of such proceeds was, with his consent, expended for the payment of taxes and interest for which he was liable there was in effect a payment by him of such taxes and interest in their total amount.

*Decision will be entered for petitioner.*