Victor E. Behrens, Jr. v. Commissioner. Victor E. Behrens, Jr., and Clare W. Behrens v. Commissioner.
Behrens v. Commissioner
Docket Nos. 82442, 82443.
United States Tax Court
T.C. Memo 1961-136; 1961 Tax Ct. Memo LEXIS 210; 20 T.C.M. (CCH) 692; T.C.M. (RIA) 61136; May 17, 1961
*210 James F. Hoge, Jr., Esq., Citizens National Bank Bldg., Abilene, Tex., for the petitioners. Harold D. Rogers, Esq., for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined a deficiency in income tax of petitioner Victor E. Behrens, Jr., for the year 1957 in the amount of $120 and a deficiency for the year 1958 against both petitioners in the amount of $122.29. The only issue for decision is whether respondent has erred in denying a dependency exemption for each year for the minor child of Behrens, Jr. Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioners in Docket No. 82443 are husband and wife who were married during 1958 and reside in Dallas, Texas, where the husband filed his individual income tax return for 1957 and he and his wife filed their joint return for 1958 with the district director. The husband had been previously married and was divorced from his former wife on August 3, 1956. A child, Blaire Behrens, was born of the former marriage on April 6, 1955. A divorce decree was entered requiring the payment by the husband of monthly payments for the *211 support of the child which aggregated $900 in each year at issue. He has complied with this provision of the decree. In addition he has made gifts to the child in each year totaling in value for each year $40. His total expenditures for support of the child for each year were $940. Since before the divorce the child has resided with her mother and has continued to do so during both years at issue. The husband for 1957 and both petitioners for 1958 have taken a dependency exemption with respect to the child. Respondent has arrived at deficiencies for 1957 and 1958 by disallowing such exemption. Opinion On the strength of our holding in Theodore Milgroom 31 T.C. 1256, petitioners have offered no more proof of the total cost of support of Blaire Behrens during 1957 and 1958 than to establish the total cost of her support during 1956 when her mother and the husband-taxpayer resided together. We think, without more proof, their reliance upon our holding therein with respect to the total cost of support is misplaced. There, as here, the only testimony was by the husband-taxpayer who testified to the cost of the dependent child's support for two prior years only. The *212 Court was also able to find from the record there that the standard of living of his former wife and child since their separation was the same as before. The additional proof as to the present standard of living of the former wife since the separation is lacking here, and we are therefore left merely to conjecture as to the actual total cost of Blaire's support for the years here at issue. This we will not do. For failure to sustain the burden of proof on the part of petitioners as to the total cost of support of the involved child, we sustain the respondent's determinations of deficiencies for both 1957 and 1958. Decisions will be entered for the respondent.