Robert T. Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 86196.
United States Tax Court
T.C. Memo 1962-3; 1962 Tax Ct. Memo LEXIS 304; 21 T.C.M. (CCH) 9; T.C.M. (RIA) 62003; January 11, 1962
Robert T. Johnson, pro se, 620 Miami St., Piqua, Ohio. Henry T. Nicholas, Jr., Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioner's 1958 income tax in the amount of $335.14. Findings of Fact Petitioner filed his individual income tax return for 1958 with the district director of internal revenue at Cincinnati, Ohio. In this return he took an exemption for his 12 year old daughter, Mary, and a deduction of $780 for alimony payments to his wife, M. Veronica Johnson. In 1957 M. Veronica Johnson filed an action against petitioner in the Court of Common Pleas of Miami County, Ohio, seeking support and alimony. The action resulted in a decision granting *305 custody of Mary to the plaintiff, ordering the defendant (petitioner here) to pay $15 a week for support of the child and $8 a week alimony. The last paragraph of the decision states in part: "The above order is made on the assumption that the defendant takes the child as a dependent for tax purposes * * *." During the year 1958 petitioner made the payments required by the decision, or a total of $416 alimony, and $780 support payments for the child. Respondent determined petitioner was entitled to deduction for alimony in the sum of $416 instead of $780 shown on the return and disallowed the dependency exemption claimed for petitioner's daughter. Opinion At the trial petitioner did not claim any greater deduction for alimony than the $416 allowed by respondent's adjustment. Petitioner contends he was entitled to the dependency exemption for Mary. He had the burden of showing the approximately $800 he testified he paid for her support in 1958 was "over half" of the cost of her support for that year. Sec. 152(a), Internal Revenue Code of 1954. He testified he did not know how much was necessary for the total support of the child for that year. There *306 is nothing in the record which would indicate the total support supplied to this child. In this state of the record we can only hold petitioner failed to sustain his burden of proof. As justification for his right to claim his daughter as an exemption petitioner refers to the part of the state court's opinion which states the order is made on the assumption that petitioner would take the child as a dependent for tax purposes. He also testified that at the time the order was entered his wife agreed that he should take the child as an exemption. We cannot hold such a statement in the trial court's order, even if assented to by the wife, supplies the necessary proof that the payments petitioner made were over half of the child's total support. Muriel Dodge Neeman, 13 T.C. 397, affd. per curiam 200 F. 2d 560. Decision will be entered under Rule 50. *
Footnotes
*. Previous decision was deleted and new decision was added by an official order of the Tax Court dated February 1, 1962 and signed by Judge Mulroney.↩