Thomas E. Lutes v. Commissioner.
Lutes v. Commissioner
Docket No. 90203.
United States Tax Court
T.C. Memo 1962-241; 1962 Tax Ct. Memo LEXIS 67; 21 T.C.M. (CCH) 1287; T.C.M. (RIA) 62241; October 11, 1962
Lawrence McTurnan, Esq., 920 Circle Tower, Indianapolis, Ind., for the petitioner. W. Dean Short, Esq., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner's income tax for the taxable years 1958 and 1959 in the amounts of $512 and $515, respectively. The only issue presented is whether or not petitioner furnished over one-half of the cost of support for his four children during the years in issue. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner is an individual residing in Indianapolis, *68 Indiana, and filed his individual income tax returns for the calendar years 1958 and 1959 with the district director of internal revenue at Indianapolis, Indiana. Petitioner and Blanche N. Lutes (hereinafter referred to as Blanche) were married on January 1, 1947. Four of their children, Ronald, Karen, Geraldine, and Carl Lutes, were living during the years 1958 and 1959 and were under 19 years of age. Petitioner and Blanche separated in November 1957 and were divorced on April 16, 1958. From the time of their separation and throughout the years here in issue, Blanche had custody of the four children. Blanche remarried prior to the trial of this case and is now known as Blanche N. Bell. It is stipulated that petitioner paid $1,154 and $1,500 during 1958 and 1959, respectively, through the Montgomery Circuit Court, Crawfordsville, Indiana, for the support of the aforementioned four children. In addition, petitioner carried hospital insurance for himself and the four children during the years 1958 and 1959, the total cost of which was $65.57 and $75.80, respectively. Petitioner regularly furnished the support for Blanche and their four children until April 1957, when Blanche *69 began working and contributing to the support of the family. The adjusted gross income for the years 1958 and 1959 of petitioner and of Blanche as shown by their tax returns is as follows: Year
Petitioner
Blanche
1958
$4,666.01
$3,555.48
1959
4,861.78
4,213.13 During 1958 the sum of $527.51 was withheld from Blanche's wages, of which $483.51 was refunded to her during 1959. This refund was primarily used to purchase an automobile for cash. During 1959 the sum of $528.24 was withheld from her wages. Blanche borrowed the sum of $150 in each of the years 1957, 1958, and 1959. During the year 1958, prior to her divorce, she cashed in at least one $18.75 bond per month. Blanche's mother made some gifts to help support the four children during the years at issue. During the year 1957 petitioner and Blanche had no savings. At the time of their separation, Blanche had little or no money and numerous obligations. During the years 1958 and 1959 Blanche spent virtually all of her take-home pay for herself and her children. Shortly after his divorce, petitioner filed a bankruptcy petition. As a result thereof, Blanche paid off certain debts incurred prior to the *70 divorce. In 1958 she paid $27.10 per month to a finance company, and also paid approximately $90 on other debts incurred during coverture. In addition, Blanche made the following expenditures: 1958
Desk, chair and lamp
$ 45.85
Washing machine
149.45
Gas range
210.80
Attorney fees for divorce
175.00
Bicycles
*
Monument
40.00
Back personal property taxes
13.06
$634.16
1959
Power mower
$ 54.95
Sectional and end tables
233.05
Tires
144.28
Car
390.00
Repairs on car
39.85
Taxes
3.16
$865.29
In addition, Blanche paid the premiums on life insurance policies and hospitalization for the children during the years at issue. She also gave each child between $1 and $1.50 per week as an allowance. While Blanche worked, her mother cared for the children and Blanche paid her $15 per week for her services. Blanche worked nights for 4 months during each year in issue. She ate her dinner meals away from home, paying $1 each therefor, during the times when she worked nights. None of petitioner's children worked or earned income during *71 the years 1958 and 1959. Petitioner claimed his four children as dependents during each of the years 1958 and 1959. Respondent disallowed dependency deductions for the children for both years. Opinion Petitioner has the burden of proving both the total amounts spent for the support of the children during the years in issue and also that he provided over one-half of such amounts. [1] The question of the total support of the children is the only contested item, as the amounts of petitioner's contributions are stipulated. *72 It is obvious that petitioner has not understood the extent of his burden as to the total amount spent each year for the support of his children, for he has contented himself on examination and cross-examination of Blanche, and also on brief, with attempts to discredit her testimony, principally by showing that her estimates of the total amounts spent by her in 1958 and 1959 exceeded the total amounts available to her in those years. Petitioner also relies on his own estimate that the children's standard of living in 1958 and 1959 had not been increased over prior years, and that their support in prior years was estimated by him at $2,043.50. Petitioner relies on Theodore Milgroom, 31 T.C. 1256 (1959), acq. 1959-2 C.B. 6, but his reliance is misplaced. In Milgroom the taxpayer was the only witness and his statements were unchallenged. Here, as demonstrated by our findings, there is a great deal of specific information. Petitioner has succeeded in getting the record into a highly confused state, but long examination of it has demonstrated to us that Blanche had such funds available, and probably spent more than $2,412.92 in 1958 and $3,121.28 in 1959 *73 for the support of the children. It is certain that petitioner has failed in his burden of proving otherwise. Decision will be entered for the respondent. Footnotes
*. Part of the $137.98 paid for the bicycles was paid in 1958, but the exact amount has not been shown.↩
1. Sections 151 and 152 of the Internal Revenue Code of 1954 provide SEC. 151. ALLOWANCE OF DEDUCTIONS FOR PERSONAL EXEMPTIONS. (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * *
(e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) * * * (B) who is a child of the taxpayer * * *. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *: (1) A son or daughter of the taxpayer, or a descendant of either, * * *↩