Elza H. Wilkins and Doris J. Wilkins v. Commissioner.
Wilkins v. Commissioner
Docket No. 2671-65.
United States Tax Court
T.C. Memo 1967-100; 1967 Tax Ct. Memo LEXIS 158; 26 T.C.M. (CCH) 479; T.C.M. (RIA) 67100; May 9, 1967
William Earl Badgett, 608 Bank of Knoxville Bldg., Knoxville, Tenn., for the petitioners. Jack D. Yarbrough and David E. Mills, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency in the income tax of petitioners for the year 1963 in the amount of $129.80. The only issue is whether the petitioner husband is entitled to a dependency exemption under section 151, Internal Revenue Code of 1954, for his daughter, Linda Sue, in that year. Findings of Fact Some *159 of the facts have been stipulated by the parties and are found accordingly. Elza H. Wilkins (hereinafter called petitioner) and Doris J. Wilkins are husband and wife and resided in Knoxville, Tennessee, at the time of filing their petition herein. In 1963 they lived in Cincinnati, Ohio, and filed their joint Federal income tax return for that year with the district director of internal revenue at Cincinnati. Doris J. Wilkins is involved in this case only by reason of having filed a joint income tax return with her husband. Petitioner was formerly married to Ruby B. Wilkins (hereinafter called Ruby) who presently resides in Cincinnati, Ohio. Two children, Linda Sue and Robert Leroy, were born of this marriage. Both children were under 19 years of age during 1963. Petitioner and Ruby were divorced under a decree entered July 19, 1962, by the Court of Common Pleas for Butler County, Ohio, which awarded Ruby $120 per month for the support of the two children. During the entire calendar year 1963, Linda Sue and Robert Leroy resided with their mother at the home she then maintained in Cincinnati. Pursuant to the Court Decree by which petitioner and Ruby were divorced, the petitioner *160 paid $720 to Ruby in 1963 for the support of Linda Sue and a like amount for the support of Robert Leroy. On November 8, 1963, the Court of Common Pleas, Division of Domestic Relations, for Butler County, Ohio, issued an order which provided that the petitioner should claim Linda Sue as "an income tax deduction" on his Federal income tax return and that Ruby should claim Robert Leroy on her Federal income tax return, beginning with the calendar year 1963. Petitioner claimed Linda Sue as a dependency exemption on his 1963 Federal income tax return. Ruby also claimed Linda Sue as a dependency exemption on her 1963 Federal income tax return. In addition to the $720 paid by petitioner to Ruby for the support of Linda Sue in 1963, the petitioner gave his daughter gifts and small sums of money $25aggregating. The petitioner has not proved that he contributed over one-half of the total support of Linda Sue in 1963. Opinion Petitioner contends that he is entitled to claim Linda Sue as a dependent because he contributed more than 50 percent of the total cost of her support for the calendar year 1963. To the contrary, the respondent argues that the petitioner cannot prevail because *161 he has not proved the total support for Linda Sue in that year. Section 151, Internal Revenue Code of 1954, allows a taxpayer a $600 exemption for each of his dependents. Section 152(a) defines the term "dependent" as meaning certain individuals "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *." A taxpayer's daughter is one of the individuals specified. Petitioner has the burden of proving whether the amount he furnished for the support of his daughter constituted more than half of the total amount expended for her support. Robert I. Brown, 48 T.C. 42 (April 19, 1967); Edward J. Pillis, 47 T.C. 707 (March 31, 1967); and Bernard C. Rivers, 33 T.C. 935 (1960). We know the amount ( $745) the petitioner paid for the support of his daughter during 1963. However, he has not provided us with the requisite proof to carry his burden with respect to total support. He testified generally about his daughter's schooling, state of health, approximate needs as to food and clothing, and estimated the rental paid by his former wife for the Cincinnati *162 home in which she and the children lived. But such testimony was vague, uncorroborated and, by his own admission, represented no more than reasonably informed guesses. While proof of the precise amount of total support is not necessary, Robert I. Brown, supra, and Theodore Milgroom, 31 T.C. 1256 (1959), we are unable to infer from the petitioner's testimony either a range or an outside amount which was spent for the support of Linda Sue by people other than him. Consequently, the case of Commissioner v. Mendel, 351 F. 2d 580 (C.A. 4, 1965) reversing 41 T.C. 32 (1963), is clearly distinguishable. We recognize that the petitioner's burden is difficult. Robert I. Brown, supra. Nevertheless, he is not relieved of the statutory requirement of establishing that his support payments exceeded half of the total cost. [1]
*163 Petitioner took the position at trial that the order entered on November 8, 1963, by the Court of Common Pleas for Butler County, Ohio, with respect to the dependency exemption for Linda Sue, was binding on this Court. He now retracts from this position but maintains that such order assists in showing how much was required for the support of Linda Sue in 1963. We disagree. It has no binding effect and it does not help us in determining total support. See Robert I. Brown, supra, where we found as not binding on us an agreement between the husband and wife, which was later incorporated in the divorce decree; Delbert D. Bruner, 39 T.C. 534 (1962), which held that we were not bound by the terms of a property settlement agreement, approved by the divorce court, where the wife promised the husband that he could claim the children as exemptions by a multiple-support agreement; and Robert T. Johnson, T.C. Memo. 1962-3, where we held as not binding a State court's decree which recited that it was made upon the assumption that "the defendant takes the child as a dependent for tax purposes * * *." Under these circumstances we hold that the petitioner *164 is not entitled to the dependency exemption claimed for Linda Sue for 1963. Decision will be entered for the respondent. Footnotes
1. The Court directed respondent's counsel to comply with a subpoena to produce records in his possession pertaining to information furnished by Ruby Wilkins to the Internal Revenue Service showing the total support of Linda Sue in 1963. See Blair v. Oesterlein Co., 275 U.S. 220, 227↩. However, after reading a letter dated January 5, 1967, and Treasury Form 3420, which is an affidavit signed by Ruby Wilkins regarding amounts spent for the support of Linda Sue, the petitioner's counsel chose not to use the information made available to him. Petitioner could have subpoenaed Ruby or, alternatively, moved to take her deposition. He did neither.