Stephen Z. Coary and Marlene Coary v. Commissioner. Stephen Z. Coary v. Commissioner.
Coary v. Commissioner
Docket Nos. 4467-66, 5841-66.
United States Tax Court
T.C. Memo 1969-25; 1969 Tax Ct. Memo LEXIS 272; 28 T.C.M. (CCH) 120; T.C.M. (RIA) 69025; February 3, 1969, Filed *272 Held: The petitioners have failed to show that they provided more than one-half the total support of the claimed dependents in 1963 and 1964. Stephen Z. Coary, pro se, 918 Chippewa Circle, Carpentersville, Ill. James F. Hanley, Jr., for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined deficiencies in the petitioners' income tax as follows: *273 Taxable
Docket
Year
No.
Petitioners
Ended
Deficiency
5841-66
Stephen Z. Coary
12/31/63
$312.87
4467-66
Stephen Z. Coary
& Marlene Coary
12/31/64
$414.24 121 Other issues raised by the deficiency notices have been conceded by the petitioners; the only question remaining is whether the petitioners furnished more than one-half of the total support of Stephen Coary's sons, Bruce and Kevin, in the years 1963 and 1964. Findings of Fact Some of the facts have been stipulated, and those facts are so found. Stephen Z. Coary, the petitioner in docket No. 5841-66, filed an individual income tax return for the calendar year 1963, using the cash receipts and disbursements method of accounting, with the district director of internal revenue at Chicago, Illinois. He resided at Carpentersville, Illinois, at the time his petition was filed in this case. Stephen Z. Coary and Marlene Coary, the petitioners in docket No. 4467-66, were husband and wife during the calendar year 1964 and filed a joint income tax return, using the cash receipts and disbursements method of accounting, with the district director of internal revenue, Chicago, Illinois. *274 At the time their petition was filed, Stephen Z. Coary resided at Carpentersville, Illinois, and Marlene Coary resided at Chicago, Illinois. On December 13, 1953, Stephen married Cleo Jasmen. Two children, Bruce and Kevin Coary, were born of this marriage. By order of the Superior Court of Cook County, Illinois, Cleo obtained a decree of divorce from Stephen on March 19, 1963. The decree incorporated a property settlement agreed on by Stephen and Cleo, and further provided, inter alia, that Stephen would pay Cleo $150 per month as child support for Bruce and Kevin, of whom Cleo was to have custody. The decree provided for no set visitation rights, but provided that Stephen had "the right and privilege of visiting said children at all reasonable times." In November 1963, Stephen and Cleo entered into an agreement, embodied in the order of the Superior Court of Cook County, establishing more definitely his visitation rights concerning Bruce and Kevin. It provided that Stephen was to have visitation and custody rights with respect to the two children one-half day each Sunday, 2 full days 1 weekend each month, and each Wednesday evening. By agreement executed May 29, 1964, Cleo and *275 Stephen modified his visitation rights for the summer of 1964 so that the children could spend a 6-week vacation with Cleo at a temporary residence in Superior, Wisconsin, without visits by Stephen and then a 2-week vacation with Stephen in Chicago. At the time of the divorce, Bruce was 8 years of age and Kevin was 6. During 1963 and 1964, they resided with Cleo, pursuant to the divorce decree, in a 6-room, 3-bedroom bungalow. Cleo obtained ownership of the bungalow as a part of the property settlement incident to the divorce decree. Stephen contributed the following amounts to the two children's support in 1963 and 1964: 1963
1964
Child support payments made to Cleo pursuant to divorce decree
$1,395.00
$1,800.00
Amounts paid to Cleo during 1963 for child support prior to divorce
280.00
Health insurance
24.00
24.00
Telephone bills
8.25
Toys and clothing
63.61
153.85
Entertainment 54.00
72.00
Total
$1,816.61
$2,058.10
Cleo expended the following amounts for the children's support in 1963 and 1964: 1963
1964
Education, medical care, cer- tain personal expenditures
$318.80
$726.00
Transportation
200.00
200.00
Clothing
105.00
265.00
Other miscellaneous
104.00
70.00
Home furnishings (children's aliquot share)
200.00
200.00
Household supplies (children's aliquot share) 100.00
100.00
Total
$1,027.80
$1,561.00
*276 In addition, she spent the following amounts for the maintenance of the bungalow: 1963
1964
Utilities
$ 514.43
$ 395.60
Repairs and upkeep 300.00
400.00
Totals
$ 814.43
$ 795.60
Some of the expenses in both years for repairs to the bungalow were made by Cleo for the purpose of preparing the house for sale. The house was not sold during those years. Cleo made payments of mortgage principal and interest, taxes, and insurance on the bungalow of $1,485.24 during each of 1963 and 1964. In 1963 and 1964, Stephen, Marlene, and Cleo all provided food for the children, but the amount of food supplied has not been established in the record. The record contains no evidence showing the fair rental value of the lodging provided by Cleo and by others during the period in each of the 122 years when the children were not visiting Stephen. The petitioners have failed to show that Stephen provided over one-half the total support of Bruce and Kevin in 1963 or that Stephen and Marlene provided over one-half of their support in 1964. Opinion The sole issue presented for decision is whether the petitioners are entitled to the deductions for dependency *277 exemptions for Bruce and Kevin claimed on their income tax returns for 1963 and 1964. The applicable statutory provisions are sections 151(a) and (e)(1) and section 152(a)(1) of the Internal Revenue Code of 1954, which allow a parent a dependency deduction for a child if he provides over half of the child's total support during the calendar year. To prevail, the taxpayer must show that he (or they) provided over one-half of the support provided the claimed dependents from all sources. E. g. James E. Stafford, 46 T.C. 515 (1966); Aaron F. Vance, 36 T.C. 547 (1961). However, the taxpayer need not prove with certainty the exact amount of total support furnished the claimed dependent if he convincingly demonstrates that he provided more than one-half of such support. James E. Stafford, supra; Theodore Milgroom, 31 T.C. 1256 (1959); Russell W Boettiger, 31 T.C. 477 (1958); E. R. Cobb, Sr., 28 T.C. 595 (1957). We have found that Stephen contributed $1,816.61 in 1963, and that Stephen and Marlene contributed $2,058.10 in 1964, to the support of the two children. We are, however, unable *278 to make any finding as to the total support provided the children, principally because of a lack of evidence concerning the fair rental value of the lodging furnished by Cleo to the children. Lodging is an item of support, and the measure of the contribution is the fair rental value of the lodging supplied the claimed dependent. Emil Blarek, 23 T.C. 1037 (1955). The petitioners suggest that we find the fair market value of the Maywood bungalow to be the sum of the annual mortgage payments (including principal, interest, insurance, and taxes) plus amounts for repairs and utilities. However, they have not shown us how the mortgage payments, the principal element, are in any way related to fair rental value. We do not know the amount of the down payment made on the house, the total amount of the mortgage, or the length of its term. We are presented with no evidence as to the interest rate on the mortgage or the amount of insurance and taxes paid on the property. Without this information, we have no basis whatsoever on which to find the fair rental value of the Maywood bungalow from the facts before us. Since we are presented with no other evidence as to the value of the *279 lodging supplied, and therefore have no way of determining such value, we must conclude that the petitioners have failed to show the total support provided the claimed dependents in either 1963 or 1964. We have carefully reviewed all the evidence that has been presented to us in this case. In the circumstances of this case, we cannot find that the petitioners provided more than one-half the support of the claimed dependents, without their having established the value of the lodging furnished the children and their total support. The evidence regarding the amount and cost of food supplied to the boys by Cleo and by Marlene and Stephen was confused and contradictory. Inasmuch as we have no evidence of the fair rental value of the lodging, we could not, in any event, find that the petitioners have satisfied their burden of proof; consequently, we do not find it necessary or helpful to make a finding as to the food supplied. Accordingly, the petitioners have failed to carry their burden of proof. The other issues raised by the deficiency notices having been settled in favor of the respondent, Decisions will be entered for the respondent. 123