James W. Maxwell v. Commissioner.
Maxwell v. Commissioner
Docket No. 1596-67.
United States Tax Court
T.C. Memo 1969-71; 1969 Tax Ct. Memo LEXIS 227; 28 T.C.M. (CCH) 390; T.C.M. (RIA) 69071; April 14, 1969, Filed James W. Maxwell, pro se, 1503 Baymiller Walk, Cincinnati, Ohio. Rudolf L. Jansen, for respondent. ATKINS
Memorandum Opinion ATKINS, Judge: The respondent determined a deficiency in income tax for the taxable year 1964 in the amount of $235.92. All other issues having been conceded by the petitioner, the single issue remaining for our decision is whether the petitioner is entitled to a dependency exemption deduction for his daughter under section 151 of the Internal Revenue Code of 1954. [1]
*228 All the facts have been stipulated and are incorporated herein by this reference. The petitioner at the time of filing the petition was a resident of Cincinnati, Ohio. He filed his income tax return for 1964 with the district director of internal revenue at Cincinnati. The petitioner was married to Evelyn Maxwell. On December 5, 1962, Evelyn Maxwell was granted a divorce from the petitioner by the Court of Common Pleas, Division of Domestic Relations, Hamilton County, Ohio. Under the terms of the divorce decree, Evelyn Maxwell was awarded custody of their daughter Wanda and the petitioner was required to pay to Evelyn Maxwell "the sum of Fifteen ($15.00) Dollars per week, each and every week * * * for the support of Wanda Maxwell." Throughout 1964 Wanda, who was then about 7 years old, resided with her mother and the petitioner made weekly payments for her support in the aggregate amount of $780 during that year. On his 1964 income tax return the petitioner claimed a deduction of $600 as a dependency exemption for his daughter. The respondent disallowed this deduction, stating that the petitioner had not established that he provided more than half of his daughter's support *229 as required under section 152 of the Code. The burden of proof was upon the petitioner to prove that he furnished more than half of the support of his daughter during the taxable year 1964. See Robert I. Brown, 48 T.C. 42. While the petitioner has shown that he contributed $780 to such support, the record is devoid of any evidence as to what amount, if any, was furnished by Evelyn Maxwell or others toward the child's support during that year. The petitioner himself did not testify, nor was Evelyn Maxwell called as a witness. While the determination of the precise amount of the total support is not necessary, the evidence must be sufficient to show that the amount of support which the petitioner furnished amounted 391 to more than half of the total support. See Theodore Milgroom, 31 T.C. 1256, and Robert I. Brown, supra. From the evidence here presented we cannot even estimate the full amount of support furnished to the child during the year in question. The petitioner takes the position on brief that the divorce court set the amount for the support of the child at $15 per week and that since he, in compliance with that court's order, paid *230 $15 per week, it should be held that he furnished all, or at least over half, the support for the child. However, such court order cannot be considered as having fixed the total amount to be expended for the support of the child; we cannot consider that order as doing anything more than fixing the amount which the petitioner was required to pay for support. In any event, in applying sections 151 and 152 of the Code, we are concerned with "actual support expenditures rather than contemplated support arrangements." Robert I. Brown, supra. In this connection it may be pointed out that Pub. L. 90-78 (August 31, 1967) amended section 152 of the Internal Revenue Code of 1954 to provide some measure of relief for spouses not having custody of children, but such relief applies only to taxable years beginning after December 31, 1966. Under the circumstances we have no alternative but to hold that the petitioner has failed to show error in the respondent's determination. Decision will be entered for the respondent. Footnotes
1. Section 151 of the Code provides: (a) Allowance of Deductions. - In the case of an individual, the exemptions provided by this section shall be allowed as deductions in computing taxable income. * * * (e) Additional Exemption for Dependents. - (1) In general. - An exemption of $600 for each dependent (as defined in section 152) - * * * (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins * * *. * * * (3) Child defined. - For purposes of paragraph (1)(B), the term "child" means * * * a daughter * * * of the taxpayer. Section 152 of the Code provides: (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *: (1) A son or daughter of the taxpayer * * *.↩