William S. Peterson and Marcella L. Peterson v. Commissioner.
Peterson v. Commissioner
Docket No. 3683-69 SC.
United States Tax Court
T.C. Memo 1970-11; 1970 Tax Ct. Memo LEXIS 348; 29 T.C.M. (CCH) 33; T.C.M. (RIA) 70011; January 15, 1970, Filed *348 William S. Peterson, pro se, 7723 Viceroy St., Springfield, Va.R. S. Erickson, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $278.08 in petitioners' Federal income tax for the year 1965. Petitioners do not contest the disallowance of a $64 casualty loss, so the only question presented for decision is whether petitioners provided more than half of the total support of two children they claimed as dependents. Findings of Fact Some facts have been stipulated and are found accordingly. William S. Peterson and Marcella L. Peterson are husband and wife who, at the time their petition was filed herein, resided in Springfield, Virginia. They filed a joint Federal income tax return for 1965 with the district director of internal revenue, Austin, Texas. William S. Peterson (herein called petitioner) is the father of two daughters, Deborah and Terrill, born in 1949 and 1954. Under the terms of an interlocutory judgment of divorce entered in February 1961, custody of these two girls was awarded to petitioner's former wife, Betty Bee Peterson, and petitioner was ordered to pay $85 per month for the *349 support of each child. The former Mrs. Peterson remarried, becoming Mrs. Abrahamson. The Abrahamsons were separated prior to 1965 and Mr. Abrahamson contributed little, if anything, to the household in that year. An interlocutory divorce order in February 1965 provided for neither alimony nor child support. During the entire calendar year 1965 both children resided only with their mother, Mrs. Abrahamson. During 1965 the petitioner contributed $170 per month for support of the two children. 34 Mrs. Abrahamson did not hold steady employment during 1965. She worked an average of four days per week at part-time jobs such as market surveys, making artificial flowers, and a clerk in a tropical fish store. Her income and standard of living were less in 1965 than in 1966, when she earned $196 per month as a schoolteacher's aide. In 1965 Mrs. Abrahamson and the two girls lived in a trailer park. Their diet consisted largely of hamburgers, tacos, TV dinners, sandwiches, and cereal. The girls received little in the way of clothing from their mother, and major items of clothing were given to them on special occasions. Deborah, for example, was given a pair of shoes for her junior *350 high school graduation, and received dresses, skirts or sweaters at Christmas or on her birthday. The girls were rarely taken out to dinner. Their entertainment consisted almost entirely of what was freely available. Although Terrill was given occasional small amounts of spending money, Deborah earned hers, and much of Terrill's, by babysitting. Mrs. Abrahamson made monthly expenditures on behalf of the children in the following approximate amounts: Girls' Share
Trailer space
$50.00
$33.33
Trailer payment
57.15
38.10
Utilities
7.60
5.06
Food
80.00
Clothing
20.00
Recreation
5.00
Medical-dental
5.00
Transportation
7.00
Telephone
5.60 3.75
$197.24 Deborah's earnings of about $10 per month should be included in determining total support. Gifts from relatives amounted to not more than another $10 per month. Total support was thus approximately $217 per month. Of total support of about $217 per month, petitioner provided $170 per month by his child support payments. Opinion "This is another in a long series of cases in which the taxpayer husband is faced with a difficult and often impossible task." Robert I. Brown, 48 T.C. 42, 43 (1967). *351 The petitioner was required to establish "a range" of total support provided to his two daughters while they were in the custody of their mother. On this record we believe he has satisfied his burden of proving total support within the reasonable range required. Fortunately the petitioner had been preparing a custody case and he had information available. In addition, we have the credible testimony of both the petitioner and his daughter, Deborah, who lived with her mother in the trailer and was generally familiar with their standard of living in 1965. It is true that some of the figures are estimates, but under the circumstances we regard them as reliable. Preciseness is not required. Theodore Milgroom 31 T.C. 1256 (1959); E.R. Cobb, Sr., 28 T.C. 595 (1957). We can understand that initially respondent may have been misled by the Abrahamson's joint income tax return into thinking that Mr. Abrahamson also contributed to the support of the children in 1965. But we fail to understand respondent's continuing unwillingness to believe Deborah now. Suffice it to say that we do believe her testimony and we find it a reliable source of information in determining a *352 reasonable "range" of total support. Accordingly, we have found as a fact and concluded that petitioners are entitled to deductions for personal exemptions for Deborah and Terrill in 1965. To reflect the uncontested casualty loss, Decision will be entered under Rule 50.