William Allen Bowen, Jr. v. Commissioner.
Bowen v. Commissioner
Docket No. 1671-68.
United States Tax Court
T.C. Memo 1970-149; 1970 Tax Ct. Memo LEXIS 211; 29 T.C.M. (CCH) 645; T.C.M. (RIA) 70149; June 10, 1970, filed William Allen Bowen, Jr., pro se, 724 Bank of New Mexico Bldg., Albuquerque, N. Mex. John M. Wylie, for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined a deficiency in income tax for the taxable year 1965 in the amount of $354.10. The only issue presented for determination is whether the respondent erred in disallowing dependency exemption deductions claimed for two of petitioner's children. Findings of Fact Some of the facts have been stipulated and are incorporated herein by this reference. For the taxable year 1965, petitioner was a resident of Oxnard, California, *212 and filed his individual Federal tax return with the district director of internal revenue at Los Angeles, California. At the time of the filing of the petition herein he resided in Jefferson City, Tennessee. Prior to 1962 petitioner had been married to Mildred June Bowen. The following children were born during the marriage: Name
Date of Birth
Laura Lee Bowen
April 2, 1945
Barbara Joan Bowen
December 30, 1946
Nancy Jane Bowen
September 7, 1950
James Allen Willoughby Bowen
December 30,
On September 14, 1962, the Superior Court of the State of California for the County of Ventura (Oxnard Branch) entered an interlocutory judgment divorcing the petitioner and Mildred June Bowen. On September 17, 1963, the court entered a final judgment of divorce. Mildred June Bowen was awarded custody of the four children and petitioner was allowed to have visitation rights. She was also awarded possession of the family residence and most of its furnishings and a small automobile. Petitioner was ordered to pay to Mildred June Bowen $75 per month for the support of each of the four children. Petitioner was further ordered to pay $175 per month to his former wife as alimony.
*213 Subsequently Mildred June Bowen instituted further proceedings with respect to the amount of alimony and child support. On June 30, 1964, the Superior Court entered an order directing petitioner to pay Mildred June Bowen $108 per month each for the support of Laura and Barbara Bowen, leaving the support payments for the other two children the same as before. Prior to entering its order the court issued a Memorandum of Opinion on May 1, 1964, which contains the following: Plaintiff submitted evidence of her present costs of living for herself and the four children over a 16 month period. In analyzing this I eliminated some items, reduced a few and rounded out to the even dollar. I came up with the following list: taxes
$ 546.00
college
564.00
insurance
214.00
Christmas
130.00
medical
866.00
miscellaneous household
500.00
utility and telephone
555.00
children - general
1,681.00
auto (repairs & gas)
377.00
clothing (combination of figures)
800.00
food
3,400.00
incidental cash
400.00
payments to defendant
400.00
vacation 285.00
$10,718.00
During the entire taxable year 1965, Mildred June Bowen continued to live in the family residence *214 in Oxnard, California. Pursuant to the terms of the divorce decree, petitioner paid his former wife $2,100 as alimony in 1965. He also gave her an additional $300 in 1965. Sometime in 1964, subsequent to the modification of the support arrangement, petitioner's former wife became employed as a secretary in a law firm. She continued in this employment during the entire year 1965, although on a less than full-time basis. She had a heart condition which, although not completely debilitating, forced her to forego a full work load. During 1965, Mildred June Bowen retained possession of the small automobile. Although greatly in need of repair, this automobile was used by the daughter Laura on weekend trips between home and college. 646 Sometime in 1965, petitioner's former wife also acquired an additional automobile. During the taxable year 1965, the daughter Laura was not married. During the month of January 1965 she lived in a dormitory at Redlands College in California. During the months of February through August of 1965, she was in Europe. During the months of September through December of 1965, she lived in a dormitory at Redlands College in California. She had a scholarship *215 to college for tuition, room and board. It did not, however, provide anything for incidental expenses. During the time that she was in college, space was still maintained for Laura in her mother's residence in Oxnard and she frequently came home on weekends. During the taxable year 1965, petitioner paid Mildred June Bowen $1,296 for the support of Laura. During the taxable year 1965, the daughter Barbara was not married. In 1965, she attended Pitzer College in California and lived in a dormitory at such college during the months of January through May and September through December of 1965. For the months of June, July and August of 1965, Barbara stayed at her mother's residence in Oxnard. She, like her sister Laura, had a scholarship to college. During the time that Barbara was away at college, space was also maintained for her in her mother's residence and she frequently spent weekends there. During the taxable year 1965, petitioner paid Mildred June Bowen, $1,296 for the support of Barbara. During the entire taxable year 1965, the daughter Nancy, who was then 15 years old, lived with her mother in Oxnard. Nancy was a student in a public high school. She also worked part-time *216 as a baby-sitter. During 1965, petitioner paid his former wife $900 for the support of Nancy. During the entire taxable year 1965, the son James, who was then 12 years old, lived with his mother in Oxnard. James was a student in a public junior high school. He worked after school hours in a hardware store and for part of the summer on a farm picking avocados. During 1965, petitioner paid his former wife $900 for the support of James. The clothing requirements of both Nancy and James were simple. The standard attire for a boy in school was trousers and T-shirt and for a girl was a skirt and blouse., Due to California's mild climate, there was no need for heavy clothing. In 1965, both Nancy and James were in good health and had no significant medical or dental problems. The house that petitioner's former wife maintained for the children had three bedrooms and was located in a lower middle class neighborhood. It was built in 1950 and purchased new by petitioner. In 1965, it had a fair rental value, including its furnishings, of $125 per month. During 1965, Nancy and James received approximately the same kind of food that they had when petitioner had been the head of the household. *217 During 1965 petitioner rented a house on the same street as his former wife's residence, two blocks away. Thereafter visitation of the children was more frequent than was provided for in the divorce decree. Nancy and James came and went to his home as they pleased. Generally, they came to petitioner's house on the weekends and on one day during the week. However, they seldom stayed over night. The children also celebrated a second Christmas at petitioner's residence. Petitioner provided food for the children on their visits to his residence and, on their weekend visits he often took them out for meals or to a movie or to Disneyland. During 1965, petitioner spent at least $200 each for Nancy and James for food and entertainment. The standard of living of Nancy and James was the same during the taxable year 1965 as it was when the Memorandum of Opinion was rendered by the Superior Court in 1964. There was no material increase in their support requirements in 1965. On his Federal income tax return for the taxable year 1965, petitioner claimed a dependency exemption deduction for each of the four children. In determining the deficiency the respondent disallowed the two dependency *218 exemption deductions claimed for Nancy and James. The cost of supporting Nancy and James Bowen for the taxable year 1965 did not exceed $1,800 each. During the taxable year 1965, petitioner provided more than one-half of the support of each of his children Nancy Bowen and James Bowen. Opinion The only issue is whether the petitioner is entitled to deduct a dependency 647 exemption for each of his two children, Nancy and James, for the taxable year 1965. The respondent contends that petitioner has not proven that he furnished over half of the support of each of these children, as required by section 152 of the Internal Revenue Code of 1954, and that therefore he is not entitled to the claimed deductions under section 151 of the Code. In cases where there has been a divorce the party not having custody of the children faces a difficult burden of establishing the total amount of support furnished the claimed dependent. Such is true here. From the evidence presented, we are unable to find the precise amount of the support received by these two children. However, from such evidence, including the findings of the state court regarding the cost of support *219 during a period prior to the year in question, and including testimony that there was no material increase in the support requirements in 1965, we have exercised our best judgment and have found as a fact that the cost of supporting each of these children did not exceed $1,800 for the taxable year 1965. See Theodore Milgroom 31 T.C. 1256. The evidence shows that under the terms of the divorce decree the petitioner furnished to his former wife $900 each for the support of these two children and that, in addition, he expended at least $200 on each child for food and entertainment during that year. Since he thus furnished more than half of the support of each of these two children, we hold that the respondent erred in disallowing the claimed dependency exemption deductions. Decision will be entered under Rule 50.