Fred A. Sowder v. Commissioner.
Sowder v. Commissioner
Docket No. 2080-70.
United States Tax Court
T.C. Memo 1971-104; 1971 Tax Ct. Memo LEXIS 222; 30 T.C.M. (CCH) 451; T.C.M. (RIA) 71104; May 17, 1971, Filed. *222 Noncustodial parent failed to prove that he is entitled to dependency exemption for child in custody of divorced wife under either section 152(a) or section 152(e), I.R.C. 1954. Fred A. Sowder, pro se, 956 Ludlow Ave., Cincinnati, Ohio. Juandell D. Glass, for the respondent. DRENNEN
Memorandum Findings of Fact and Opinion DRENNEN, Judge: Respondent determined a deficiency of $129.80 in petitioner's Federal income tax for 1967. Two issues are presented for our decision: (1) Whether petitioner is entitled to a dependency exemption in 1967 for his *224 minor son, and (2) whether section 152(e) of the Internal Revenue Code of 1954, [1] is unconstitutional. Findings of Fact Some of the facts have been stipulated and are so found. Petitioner, a single individual, resided in Cincinnati, Ohio, at the time he filed his petition herein. He filed his individual Federal income tax return for the taxable year 1967 with the district director of internal revenue, Cincinnati, Ohio. On July 15, 1961, petitioner married Sandra A. Siegman. On April 1, 1962, a son, William Fred Estes Sowder (hereinafter referred to as William), was born of that marriage. Petitioner and Sandra Sowder were divorced under a decree of divorce entered on September 18, 1963, in the court of Common Pleas, Domestic Relations Division, Hamilton County, Ohio. Under the decree of divorce Sandra Sowder was awarded custody of the child, with petitioner having reasonable visitation privileges, and petitioner was ordered to pay to the court $15 a week for the maintenance and support of the child. On October 23, 1964, the *225 original decree of divorce was modified whereby petitioner was ordered to pay to the court $17 a week for the maintenance and support of William. During the year 1967 petitioner paid the sum of $816 for the support of William. Petitioner has not seen his former wife or son since the end of 1965. Petitioner does not have a college education and in 1967 worked as a clerk and 452 lived modestly. Neither Sandra Sowder nor her parents have a college education; nor were her parents affluent people. Sandra Sowder did not have any working experience prior to her divorce from petitioner. In his 1967 Federal income tax return petitioner claimed a dependency exemption for his minor son. Respondent disallowed the dependency exemption in the statutory notice of deficiency on the basis that petitioner had not satisfied the requirements of section 152(e). [2]
*226 Opinion The basic issue for our decision is whether petitioner is entitled to a dependency exemption for his minor son for 1967. Section 151(e) allows a taxpayer an exemption of $600 for each of his dependents (as defined in section 152). Section 152(a) defines the term "dependent" to include specified individuals (including a son) "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." In 1967, Congress, realizing the difficulties encountered as a result of the burden of proof in dependency exemption cases where the parents of the child were divorced or legally separated, enacted Pub. L. No. 90-78 (Aug. 31, 1967), which added section 152(e) to the Internal Revenue Code of 1954. Section 152(e), limited to taxable years beginning after December 31, 1966, provides specific rules in the case of divorced or separated parents for determining which parent is entitled to the dependency exemption allowed by section 151(e) with respect to the children born of that marriage. If section 152(e) is applicable [3] (as it is here), it provides as a general rule that the parent who has custody of the child for the *227 greater portion of the year is entitled to the deduction. It further provides two exceptions whereby the noncustodial parent is entitled to the deduction. The first exceptio, contained in section 152(e)(2)(A), allows the deduction to the noncustodial parent if he (she) provided $600 for the support of the child during the calendar year and the decree of divorce or of separate maintenance or an agreement between the parents provides that the noncustodial parent will get the deduction. The other exception, contained in section 152(e)(2)(B), allows the deduction to the noncustodial parent if he (she) provided $1,200 or more for the support of the child (or for all of the children, if there is more than one) during the calendar year and the custodial parent does not "clearly establish" that she (he) provided more for the support of the child than the noncustodial parent. *228 Petitioner did not have custody of his son in 1967 and does not qualify for the deduction under the general rule of section 152(e)(1). It is also clear that 453 petitioner does not qualify for the deduction under either of the two exceptions provided in section 152(e)(2). There is no evidence that the decree of divorce or a written agreement between petitioner and Sandra provided that petitioner should be entitled to the deduction; and petitioner provided less than $1,200 for the support of the child in 1967. Petitioner contends that, as applied to him, section 152(e) is unconstitutional since the presumption in favor of the custodial parent is arbitrary, unreasonable, and discriminatory. He further contends that the two exceptions which would allow him (noncustodial parent) the deduction are also arbitrary, unreasonable, and discriminatory and that the requirement of section 152(e)(2)(A) for a written agreement giving the deduction to him is excessively retrospective as applied to him. It is unnecessary for us to reach this question, [4] however, since a taxpayer alleging the unconstitutionality of a statute must be able to show "not only that the statute is invalid but that *229 he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally." Massachusetts v. Mellon, 262 U.S. 447, 488 (1923). Here, petitioner has not shown that he sustained or will sustain a direct injury as a result of the enforcement of section 152(e). While it is clear that petitioner has not satisfied either of the two exceptions under section 152(e) so that he would be entitled to the dependency exemption for his minor son in 1967 under that section, it is equally clear that petitioner has not shown that he would be entitled to the dependency exemption irrespective of section 152(e) since he has completely failed to introduce any evidence from which we could reasonably conclude that he provided over half of the total support furnished to his son in 1967 as required by section 152(a). In this regard petitioner's reliance upon Commissioner v. Mendel, 351 F. 2d 580 (1965), reversing 41 T.C. 32 (1957), Theodore Milgroom, 31 T.C. 1256 (1959), and E. R. Cobb, Sr., 28 T.C. 595 (1957), for the proposition *230 that he provided over half of the support of his son, is misplaced. In each of those cases the taxpayer did not show the exact or precise amount of total support contributed but did produce sufficient evidence from which it could be reasonably determined that the amount of support furnished by the taxpayer was more than half of the total support furnished the child. Here petitioner has produced no evidence whatsoever from which we could even surmise what the total support of the child was in 1967 or that the amount of support furnished by him was over half of the total support furnished his minor son in 1967. *231 As we have already stated above, petitioner has failed to show that he meets the support test necessary to qualify his son as a dependent under either section 152(e) or section 152(a). Consequently, we have no choice but to sustain respondent's determination. Decision will be entered for the respondent. Footnotes
1. All statutory references relate to the provisions of the Internal Revenue Code of 1954 which were in effect in the year 1967.↩
2. SEC. 152. DEPENDENT DEFINED. * * * (e) Support Test in Case of Child of Divorced Parents, etc. - (1) General rule - If - (A) a child (as defined in section 151(e)(3)) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). (2) Special rule. - The child of parents described in paragraph (1) shall be treated as having received over half of his support during the calendar year from the parent having custody if - (A)(i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year, or (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. For the purposes of this paragraph, amounts expended for the support of a child or children shall be treated as received from the parent not having custody to the extent that such parent provided amounts for such support.↩
3. Sec. 152(e)↩ is applicable only in the event that (1) the parents are divorced or legally separated under a decree of divorce or of separate maintenance or are separated under a written separation agreement, (2) the child receives over half of his support from his parents, and (3) the child is in the custody of his parents for more than one-half of the year.
4. While not finding it necessary to pass on the constitutionality of sec. 152(e), we find no validity to petitioner's argument that it is unconstitutional. Sec. 152(e) does not impose a tax but merely provides a specific test to be applied in determining entitlement to an exemption. It has been held on numerous occasions that deductions and exemptions are a matter of legislative grace and not a matter of right. It has also been held that secs. 151 and 152 are not unconstitutional in requiring a taxpayer to prove he furnished over half the support of his children. The purport and purpose of sec. 152(e)↩ is to provide some certainty with respect to which of the divorced parents is entitled to the dependency exemption for the children of the marriage and tends to relieve the noncustodial parents of their often insurmountable burden of proving the total support of a child or children in the custody of the divorced spouse. A statute designed for such purpose does not deprive a taxpayer of any of his constitutional rights even if retroactive.