ROBERT I. BROWN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1113-65.   Filed April 19, 1967.

*John A. Wiethe,* for the petitioner.
*Richard M. Schwartz,* for the respondent.

TANNENWALD, *Judge:* Respondent determined a deficiency in petitioner's Federal income tax for 1962 in the amount of $817.22. After petitioner's concession of various issues raised by the notice of deficiency, the sole remaining issue is whether petitioner is entitled to dependency exemptions under section 151[1] for his four children in 1962.

FINDINGS OF FACT

Petitioner was a legal resident of Lima, Ohio, at the time of filing the petition herein. He filed his 1962 Federal income tax return with the district director of internal revenue, Cleveland, Ohio.

Petitioner and Norma Peene Brown were married in 1957, separated in November 1961, and divorced on February 21, 1962. Petitioner and Norma had four children:

| Child | Born— |
|---|---|
| Robert D | Oct. 17, 1957 |
| David M | Feb. 21, 1959 |
| Diana J | Apr. 2, 1960 |
| Darryl P | Aug. 18, 1961 |

On February 14, 1962, petitioner and Norma entered into an agreement which was incorporated into the divorce decree and which provided, among other things, the following: (1) That Norma would have custody of the children, (2) that Norma would receive sole title to the house in Lima and the family automobile, (3) that petitioner would pay to her $300 per month for support of the children, (4) that petitioner would be entitled to "claim the minor children for Internal Revenue purposes," and (5) that petitioner would remain liable on all outstanding debts and obligations.

Until June 15, 1962, the four children continued to live with Norma in the house in Lima. On or about June 15, 1962, Norma and the children moved into the spacious home of Norma's parents in Coral Gables, Fla.

During 1962, petitioner contributed the following amounts toward the support of the children:

---

[1] All references are to the Internal Revenue Code of 1954.

| | |
|---|---|
| Payments to the clerk of the Allen County, Ohio, courts | $1,125.00 |
| Payment via Norma's attorneys | 1,765.00 |
| Payment by petitioner's attorney | 300.00 |
| Payment directly to Norma | 120.00 |
| Medical insurance | 70.00 |
| Airplane tickets for David and Diana | 75.00 |
| Payments by petitioner's mother: [2] | |
| Clothing and shoes | 48.85 |
| Toys | 15.49 |
| Medical | 235.00 |
| Utilities and laundry [3] (⅘ × $91.75) | 73.40 |
| Total | 3,827.74 |

OPINION

This is another in a long series of cases in which the taxpayer husband is faced with a difficult and often impossible task. An essential prerequisite to sustaining his position is the proof that the amount he furnished for the support of his children constituted more than half of the total amount expended for their support. Sec. 152(a) ; *Bernard C. Rivers*, 33 T.C. 935 (1960). In attempting to satisfy this requirement, he usually starts with the handicap that his wife or her relatives are not likely to provide him with any information as to what they may have expended. The mountain which he must climb is made steeper by virtue of the adversary rules of a tax proceeding which make respondent's determination presumptively correct and place the burden of proof on the taxpayer. Added to this impediment is the further inhibiting factor that respondent is restricted by law from disclosing to the taxpayer information in his possession as to the amount of support which may have been provided by others (section 7213(a)), although, if a subpoena is served and the Court directs compliance therewith, respondent may be required to furnish such information. See *Blair* v. *Oesterlein Co.*, 275 U.S. 220, 227 (1927). The frustration thus generated is greater for the taxpayer than for the Court only because it is the taxpayer who has to lay out hard cash to pay any deficiency.

As to the period prior to June 15, 1962, the children lived in a house owned during the early part of 1962 by petitioner and Norma jointly and later by Norma singly. They had some use of the automobile, which was apparently similarly owned. However, no fair rental value

---

[2] Since these amounts represented bona fide loans from petitioner's mother, we have credited him with having paid these expenses.

[3] In the absence of any evidence to the contrary, we have assumed the utilities and laundry were used equally by each member of the household, i.e., Norma and the four children.

for either the house or the automobile was shown. Moreover, although petitioner testified that Norma did not work, the record is silent as to whether she had any other income. But even if we assume that, during this period, petitioner was the sole support of the children and that everything he expended was for the support of the children, including amounts for mortgage and repair payments on the house and purchase and repair payments on the automobile (which we have not counted in view of the ownership interest involved), petitioner must still fail because of the state of the record as to the amount expended for the total support of the children after June 15.

Petitioner testified that he did not know how much was expended on his children in Florida subsequent to their moving into Norma's parents' house. However, he did visit them in Florida at Christmastime in 1962 and testified that their standard of living was "very good," although he also stated that it was not any different than what they had been accustomed to before. The parents appear to have been persons of means and their home was substantial. We recognize that a determination of the precise amount of total support of the children is not necessary. *Theodore Milgroom*, 31 T.C. 1256 (1959); *E. R. Cobb, Sr.*, 28 T.C. 595 (1957). But the unfortunate fact is that we are not able even to infer from the evidence presented herein either a range or an outside amount which was spent for the support of the children by people other than petitioner. As a consequence, *Commissioner v. Mendel*, 351 F. 2d 580 (C.A. 4, 1965), reversing 41 T.C. 32 (1963), so heavily relied on by petitioner, is clearly distinguishable. Cf. *Edward J. Pillis*, 47 T.C. 707 (1967).

Nor is the agreement between petitioner and Norma that he was entitled to claim the children for internal revenue purposes binding upon the respondent, although legislation is pending which would so permit. See H.R. 6056, which passed the House of Representatives on March 14, 1967; see also H. Rept. No. 102, 90th Cong., 1st Sess. (1967). Similarly, we cannot presume that the circumstances in Coral Gables were the same as in Lima. Indeed, what evidence there is indicates the contrary. Moreover, unfair as it may seem, the mere fact that the support scenario was changed from that originally contemplated does not justify a holding for petitioner. Section 152(a) requires that we make our determination in terms of actual support expenditures rather than contemplated support arrangements.

We have no alternative but to hold that petitioner has failed to sustain his burden of proof. In so doing, we are constrained to comment that the ends of justice are not served by the present situation and to express our hope that the above-mentioned ameliorating legislation will be enacted.

*Decision will be entered for the respondent.*