Raymond K. Beatty v. Commissioner.
Beatty v. Commissioner
Docket No. 3278-66.
United States Tax Court
T.C. Memo 1967-200; 1967 Tax Ct. Memo LEXIS 61; 26 T.C.M. (CCH) 981; T.C.M. (RIA) 67200; October 13, 1967
James J. Bierbower, Commonwealth Bldg., 1625 K St., Washington, D.C., for the petitioner. Charles W. Robins, for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined a deficiency in the income tax liability of petitioner for the year 1964 in the amount of $752.52. The "short-form" statement attached to the notice of deficiency merely explains this deficiency as the difference between the "Tax liability shown on return" ($960.01) and "Tax liability as corrected" ($1,712.53). However the parties hereto are in agreement that the deficiency arises from respondent's disallowance of a deduction of alimony claimed by petitioner in his return in the amount of $1125 and of three exemptions in the total amount of $1800 claimed on account of three dependent minor children. The issues presented herein are (1) what part of the amounts paid by petitioner to his wife pursuant to a separation agreement during the taxable year are properly deductible as alimony, *63 and (2) whether petitioner furnished more than one half of the support of his three minor children during the taxable year. Findings of Fact Some of the facts herein have been stipulated by the parties. We incorporate herein the stipulation of facts by this reference together with the exhibits attached thereto and identified therein. Petitioner lived in Cincinnati, Ohio, during most of the year 1964 and properly filed his income tax return for that year with the district director of internal revenue at Cincinnati. During January 1964 petitioner lived in Middletown, Maryland, with his wife and his three minor children. His mother also lived in the home maintained by him in Middletown. On February 8, 1964, petitioner and his wife entered into a separation agreement, the pertinent parts of which read as follows: SECOND: The Party of the First Part [the wife] shall have the custody of the three children of said marriage, namely: Kenneth Marshall Beatty, age 13, Dale Edward Beatty, age 11, and Barbara Ann Beatty, age 8, subject, however, to reasonable rights of visitation. THIRD: The Party of the Second Part [petitioner], during his lifetime, shall pay to the Party of *64 the First Part, during her lifetime, or until she remarries, for her support and maintenance, the weekly sum of Twenty-five Dollars ($25.00). The Party of the Second Part shall also pay to the Party of the First Part for the support and maintenance of aforesaid infant children the weekly sum of Thirty-five Dollars ($35.00), thus making Sixty Dollars ($60.00) the weekly payment of said Second Party. * * *
FIFTH: The parties agree that the real property located in Middletown, Maryland, [the home occupied by petitioner's family] legal title to which is now vested in the parties to this agreement, shall upon the signing of these presents become the sole and exclusive property of the Party of the First Part, free and clear of any claim whatsoever on the part of the Party of the Second Part, and the Party of the Second Part does hereby agree to execute any and all documents necessary to effect the transfer of legal title to the said real estate; and the Party of the First Part does hereby agree to assume responsibility for all claims and obligations against said real estate from the date of the signing of these presents. * * *
SEVENTH: The parties hereto do mutually accept *65 the provisions of this agreement, the settlements and payments made or provided for hereunder, in full settlement and satisfaction of any and all claims of every description, which either of them may hereafter have against the other. The following debts shall become the sole and separate obligation of the Party of the Second Part: Hechinger Co., $33.83; Shell Oil Co., $43.35; Mobil Oil Co., $23.91; Woodward & Lothrop, $98.22; Hecht Co., $13.69; J. C. Penney Co., $417.51; Beaver Creek Country Club, $121.80; Middletown Bank, $250.00; Sears, Roebuck & Co., $459.05; Preparation of income tax, $10.00; Lions Club, $24.50; Little League pictures, $12.36; Fairfax County taxes, $50.88. The Party of the Second Part shall reimburse the Party of the First Part in the amount of $80.65 for the following expenditures made by the Party of the First Part: Sears, Roebuck & Co., $28.50; Electric bill, $34.15; Esso, $18.00; Car Insurance for the Party of the Second Part, $34.20. The Party of the Second Part shall further reimburse Mrs. Maragret Beatty, of Frederick County, Maryland, for money borrowed from her by the Party of the Second Part in the amount of $200.00. The Party of the Second Part *66 shall be responsible for payment of $60.00 per week as stated in paragraph THIRD commencing February 17, 1964. Any interest which may accrue upon the above obligations from the date of this agreement until final payment by the Party of the Second Part shall be includable in the obligation of the said Party of the Second Part. Although the agreement provides that petitioner "shall be responsible for payment of $60.00 per week as stated in paragraph THIRD commencing February 17, 1964," both parties hereto agree that "during the year 1964 the total obligation arising by virtue of the 'agreement' was $2,725.74 (45.429 weeks of 1964 - February 19 to December 31 X $60.00)" and that "of the $2,725.74 total obligation imposed by the 'agreement,' $1,590.02 (45.429 weeks X $35.00) was imposed as an obligation of support and maintenance of the minor children." [1]
It is stipulated that "during the year 1964, petitioner drew nine (9) checks on the Provident Bank, Cincinnati, Ohio, to the order of his former spouse, Lois Jane Beatty, in the total amount *67 of $2,460.00." Four of those checks, dated April 7, May 4, July 1, and July 16, were in the amount of $240.00 each, and five of the checks, dated June 4, September 12, October 2, November 3, and December 10, were in the amount of $300.00. During the months of April through December, 1964, petitioner also drew the following checks: Date
Payee
Amount
Apr. 11, 1964
Middletown Savings Bank
$250.00
Apr. 14, 1964
Sears, Roebuck & Co.
459.05
Apr. 14, 1964
Hechinger
34.85
Apr. 14, 1964
Woodward & Lothrop
101.19
May 8, 1964
J. C. Penney's
200.00
May 8, 1964
Hecht Co.
13.69
July 1, 1964
Penney's
50.00
Aug. 4, 1964
Penney's
20.00
Sept. 21, 1964
Pennys
20.00
Nov. 3, 1964
Lois J. Beatty
30.88
Dec. 10, 1964
J. C. Penny
25.00
The check to the Middletown Savings Bank was drawn as "a repayment of a loan" "for clothing and for general household items" for "the children and the family." The check to Hechinger was "for items for general household repair." The check to Sears, Roebuck & Co. was "for clothing and household items" including an electric refrigerator. The check to Woodward & Lothrop was "for clothing for the family." The check to Hecht *68 Co. was "for clothing and maintenance of the family." The checks drawn to "J. C. Penney's," "Penney's," "Penneys," or "J. C. Penny" were in payment of a bill owed to J. C. Penney Co. "for clothing for the family." The record does not disclose the dates when the items paid for by these checks were purchased. [2]
The check to Lois J. Beatty was drawn for the purpose of paying for the "gift of a bowling ball" to one of petitioner's sons. During the taxable year petitioner made a gift of a record player to his daughter and a gift of "some articles of clothing" to his other son. The record does not disclose the cost of these gifts. Petitioner's wife obtained employment sometime after February 1, 1964. The record discloses *69 neither the amount of her earnings nor the amount of her contributions to the support of the children during 1964. After petitioner became separated from his wife around February 1, 1964, petitioner's mother continued to live with his wife and children. Petitioner disclaimed any knowledge of her financial condition. Petitioner's group hospitalization insurance included his children in its coverage. The annual premium thereon was $163.00. The record does not disclose what the amount of the premium would have been if it had covered petitioner alone. Opinion KERN, Judge: Respondent now concedes that petitioner is entitled to deduct under the provisions of section 215(a) I.R.C. 1954[3] a part but not all of the periodic payments made by him to his wife during 1964 pursuant to the separation agreement set out in our findings. Respondent's present position is stated on brief as follows: During 1964, petitioner became obligated by the agreement to make 45.429 weekly payments of $60.00 each. His total obligation was thus $2,725.74 (45.429 X $60.00). Of this total obligation, $1,590.02 was an obligation of child support, i.e., 45.429 X $35.00 and $1,135.72 was *70 an obligation of alimony, i.e., 45.429 X $25.00. However, the record is clear that petitioner paid only $2,460.00 in 1964. Accordingly, respondent submits, by virtue of section 71(b) of Teeas. Reg. Sec. 1.71-1(e), that $1,590.02 of the $2,460.00 paid must be deemed child support. Therefore, only $869.98 remains ($2,460.00 less $1,590.02) as alimony paid during 1964 and subject to deduction under section 215. Respondent submits that petitioner is entitled to a deduction for alimony in an amount no greater then $869.98 for 1964. The deduction under section 215(a) is available to the husband only to the extent that the payments to the wife are includable in her gross income under section 71(a) as limited by section 71(b). [4]
*71 Petitioner has filed no reply brief herein. His original brief sets out his argument on the alimony deduction issue in two paragraphs as follows: Where petitioner was obligated to make both alimony and child support payments for 1964, and paid more than the full obligation for that year, the sum of $1,125.00 qualifies as deductible alimony. * * *
The stipulation indicates that the petitioner made nine checks in 1964 in the total amount of $2,460.00. He also submitted many other checks to indicate he had paid at least $1,125.00 in alimony. We gather from this argument that petitioner's contention on this point is that the total amount ($1,204.66) of the checks drawn by him in 1964 to the order of Middletown Savings Bank, Sears, Roebuck & Co., Hechinger, Woodward & Lothrop, Hecht Co., and J. C. Penney Co., and the check to Lois J. Beatty for $30.88, should be considered to be support payments and as such would bring his payments during that year up to an amount in excess of the total support and alimony payments called for by the separation agreement. We infer that his conclusion would be that section 71(b) would not be applicable herein. Such an argument fails because *72 it is not supported by the facts. As we have indicated in our findings it appears that all of these checks (with the exception of the check to Lois J. Beatty in the sum of $30.88) were drawn by petitioner pursuant to and in satisfaction of the obligation assumed by him in the seventh paragraph of the separation agreement as a part of the over-all property settlement, and not pursuant to or in satisfaction of the obligations of support and maintenance assumed by him in the third paragraph of the agreement. There is nothing in petitioner's testimony which would even suggest, much less prove, that these checks were in payment for goods or services furnished during the taxable year to the members of petitioner's family for their support and maintenance. However, we believe that respondent's concession should be increased to reflect the check for $30.88 drawn by petitioner on November 3, 1964 in payment for a bowling ball furnished by petitioner to one of his sons. [5]
*73 Accordingly we conclude that petitioner is entitled to deduct alimony payments made by him during the taxable year in the total amount of $900.86. With regard to the issue involving petitioner's right to the deduction for dependency exemptions claimed on account of his three minor children the crucial question is whether the petitioner provided more than one-half of the total cost of their support during the taxable year. For a recent discussion of this problem and the difficulties facing the taxpayer husband under circumstances such as are present in this case, see Robert I. Brown, 48 T.C. 42. In our opinion petitioner has failed to prove that respondent's determination with regard to this issue is erroneous. Petitioner was the only witness. We consider that a detailed discussion of his testimony as to the total amount expended for the support of his children during the taxable year is unnecessary. It is sufficient to point out that it consists largely of estimates and conclusions, that it is self-serving and based to a considerable extent on hearsay, that it omitted reference to certain pertinent items such as clothing [6] and the rental value of the home furnished *74 by the wife after February 8, 1964, and that it ignored his wife's employment and any contributions which she or his mother might have made to the support of his children during the taxable year. Decision will be entered under Rule 50. Footnotes
1. These last two quotations are from paragraphs numbered 11 and 12 in both petitioner's and the respondent's proposed findings of fact.↩
2. By reference to paragraph SEVENTH of the separation agreement it appears that these checks were in payment of obligations outstanding on February 8, 1964, quite possibly on account of purchases made prior to January 1, 1964. There is no evidence that the small discrepancy between the amount of the check to Woodward & Lothrop and the amount of the debt to Woodward & Lothrop as stated in the separation agreement was not on account of carrying charges or interest.↩
3. SEC. 215(a)↩ General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.
4. SEC. 71(b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
5. Petitioner testified that he gave a record player to his daughter and some clothing to his other son. However, the record does not show the cost of these gifts or the dates when he made payments on account thereof.↩
6. For the reasons stated above, we cannot consider the checks drawn by him in payment of the obligations which he assumed in paragraph SEVENTH of the separation agreement as contributions to the support and maintenance of his children in 1964.↩