Frank E. Ivan v. Commissioner.
Ivan v. Commissioner
Docket No. 6733-66.
United States Tax Court
T.C. Memo 1968-63; 1968 Tax Ct. Memo LEXIS 238; 27 T.C.M. (CCH) 345; T.C.M. (RIA) 68063; April 15, 1968. Filed Frank E. Ivan, pro se, Rt. #1, Galena, Ohio. Ross E. Springer, for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax for the taxable year 1964 in the amount of $302.50. The only question for this Court is whether petitioner is entitled to certain dependency deductions under section 151(e), [1] I.R.C. 1954. Petitioner, Frank E. Ivan, resides in Galena, Ohio, and did so reside there when he filed his petition *239 to this Court. For the taxable year, 1964, petitioner filed his income tax return with the district director of internal revenue, Cincinnati, Ohio. Prior to 1953, petitioner married Mary Lou Ivan, now Mary Lou Frost (hereinafter referred to as Mary Lou). To their marriage were born three children: Frank E. Ivan, Jr., born December 16, 1948, Vicki L. Ivan, born April 28, 1950; and Roberta C. Ivan, born May 5, 1951. In October of 1953, petitioner and Mary Lou were divorced. Pursuant to the divorce decree petitioner expended, during 1964, $1,205 to support the aforementioned children. This amount was paid through the Court in Franklin County, Ohio. During this year and through the time of the trial, petitioner was under a restraining order which prohibited him from seeing his former wife. Petitioner was allowed to see his children but only if he met them at the home of Mary Lou's mother. Petitioner contends that the $1,205 he paid during 1964 for child support was at least half of the amount expended to support these children during that year; accordingly, that he is entitled to a deduction for them as dependents allowable under section 151(e). Section 152 defines the term dependent *240 as it is used in section 151(e). It states in part: (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *: (1) A son or daughter of the taxpayer, * * * [Emphasis supplied.] Under this provision, petitioner has the burden to prove that the amount he contributed toward his children's maintenance was in fact over half the amount spent during the taxable year to support them. Bernard C. Rivers, 33 T.C: 935 (1960). Petitioner has failed to carry his burden. Although satisfactorily proving that he expended certain amounts for his children's support, petitioner has failed to show that this was in fact over half of their "support." The record is totally void of any evidence showing the total amount expended in 1964 for the support of the children. We appreciate that it was more difficult than usual for petitioner to carry his burden because he was prohibited from seeing his former wife by a Court restraining order. Nevertheless, in the circumstances, we cannot find from the little *241 evidence presented, that petitioner has met, even minimally, the standard required to overcome the presumption of correctness that attaches to the Commissioner's determination. Robert I. Brown, 48 T.C. 42 (1967). As such Decision will be entered for the respondent. 346 Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩