Elwood L. McInnis v. Commissioner.
McInnis v. Commissioner
Docket Nos. 3222-66, 743-67.
United States Tax Court
T.C. Memo 1968-180; 1968 Tax Ct. Memo LEXIS 123; 27 T.C.M. (CCH) 880; T.C.M. (RIA) 68180; August 12, 1968. Filed *123 Elwood L. McInnis, pro se, 1609 Ford Parkway, St. Paul, Minn. Charles L. Riter, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in petitioner's income tax of $376.22 for the calendar year 1963 and $287.00 for the calendar year 1965. The sole issue is whether petitioner is entitled to deductions for dependency exemptions for his three children. Findings of Fact Petitioner had his legal residence in St. Paul, Minnesota, at the time of the filing of his petition in docket number 3222-66 and in Minneapolis, Minnesota, at the time of the filing of his petition in docket number 743-67. He filed his 1963 and 1965 income tax returns with the district director of internal revenue in St. Paul. Petitioner was divorced from his wife, Lucille, in 1954. There were three children of the marriage: Dianne, born in October 1945, Jacqueline, born in August 1948, and Karen, born in December 1951. During 1963, petitioner paid to his former wife for the support of his three children an aggregate amount of $2,100. In addition, he spent $100 for the support of the children during that year. During 1965, *124 petitioner paid through the Department of Court Services for the support of his three children an aggregate amount of $500. In addition, he spent $50 for the support of the three children during that year. Dianne was a full-time college student during 1963 and 1965. To a large extent, she provided for her own education and living expenses through earnings and borrowings. Jacqueline was a full-time college student during 1965. To a large extent, she provided her own education and living expenses through earnings and borrowings. After the divorce, petitioner's former wife maintained a home for herself and her three daughters in a house in Richfield, Minnesota, purchased by petitioner in 1952 and quitclaimed by him to his former wife in 1954. The house was sold in December 1964 and thereafter petitioner's former wife maintained a motel apartment in Richfield. During 1963, petitioner's former wife and Jacqueline and Karen lived in the home, with Dianne returning there infrequently during vacation periods. During 1965, petitioner's former wife and Karen lived in the motel apartment, with Dianne and Jacqueline returning there infrequently during vacation periods. Petitioner did not *125 provide more than onehalf of the total amount of support of any of the three children during 1963 or 1965. Opinion At the outset, we note that, during a pretrial conference and at the trial, petitioner made various charges as to actions on the part of his former wife, her parents, and respondent, which he claimed were unjustified and designed to deprive him of the right to the exemptions herein claimed. The Court made clear to petitioner that such charges were not pertinent to the issue involved herein and that it was incumbent upon petitioner to prove that he provided more than half the total amount of the support of each of his children. It also pointed out that any agreement petitioner might have had with his former wife giving him the right to claim the dependency exemptions for all three children had no bearing on this basic issue. Robert I. Brown, [Dec. 28,424] 48 T.C. 42, 44 (1967). As far as 1965 is concerned, we think it clear that petitioner's claim must fail. From petitioner's own testimony, it appears that Dianne and Jacqueline were essentially selfsupporting. Even if we assume that the entire $550 expended for support by petitioner went entirely to *126 Karen, we have no way of determining on this record how much was expended for her total support in that year. There is evidence that petitioner's former wife and Karen lived in a motel apartment and we think it unlikely that the rental value thereof would have been less than $100 per month, of which one-half, or an aggregate of $600 for the year, would be properly allocable to Karen. Food for a 14-year-old girl would appear to have cost not less than $350 to $550 for the year. See Estimated Weekly Food Costs, published by the United States Department of Agriculture, Consumer and Food Economics Research Division. With a minimum amount expended for clothing, doctors, etc., the aggregate amount of the total support of Karen would easily have exceeded $1,100. Thus, even on assumptions most favorable to petitioner, the amount of support furnished by petitioner would obviously be less than half. 882 With respect to 1963, petitioner's testimony indicates that Dianne was essentially self-supporting, so that petitioner was clearly not entitled to claim her as a dependent. During that year, Jacqueline and Karen were living with their mother. If we assume that the total support furnished *127 by petitioner in 1963 should properly be allocated only to these two daughters, they received $1,100 each of support from their father. However, aside from petitioner's own nonexpert testimony as to the rental value of the premises occupied by his former wife and daughters, the record is silent as to the amount of total support furnished either for Jacqueline or Karen. Under these circumstances, we of course cannot make assumptions most favorable to petitioner, as we did with respect to Karen for 1965. The burden was upon him to prove that he furnished more than one-half the support of each daughter with respect to whom he claimed a dependency deduction for 1963. This he has failed to do. Decision will be entered for the respondent.