Cenap Kiratli v. Commissioner.
Kiratli v. Commissioner
Docket No. 5721-67.
United States Tax Court
T.C. Memo 1969-90; 1969 Tax Ct. Memo LEXIS 205; 28 T.C.M. (CCH) 495; T.C.M. (RIA) 69090; May 8, 1969, Filed Cenap Kiratli, Pro se, 1119 Sherwood Ave., Baltimore, Md. Charles L. Dunlap, for the respondent. KERN Memorandum Opinion KERN, Judge: Respondent determined a deficiency of $214.78 in petitioner's federal income tax liability for the year 1965. This deficiency arises from respondent's disallowance of "a deduction claimed for auto tags in the amount of $30.00" and his disallowance of exemptions claimed by petitioner on account of 2 dependent minor children in the total amount of $1,200. Petitioner has questioned respondent's determination only in *206 connection with the disallowance of the claimed exemptions. The parties have stipulated the following facts: That the petitioner, Cenap Kiratli, is a resident of the state of Maryland and presently resides at 1119 Sherwood Avenue, Baltimore, Maryland. That at the time his 1965 income tax return was filed, he lived at 5900 Ayleshire Road, Baltimore, Maryland. That the income tax return for the year here involved, namely 1965, was filed with the district director in Baltimore, Maryland. Said return is attached hereto as Exhibit 1-A. 496 That at the time the petition was filed in this proceeding, the petitioner resided at 1119 Sherwood Avenue, Baltimore, Maryland. That as a result of the marriage between Cenap Kiratli, the petitioner, and Deane Kiratli, there were two children born, namely Beatrice Kiratli and Remzi Kiratli. That Cenap Kiratli, the petitioner, and Deane Kiratli were divorced in May 1967. That custody of the said children was given to Deane Kiratli. That on the petitioner's 1965 income tax return, he claimed the two children, namely Beatrice Kiratli and Remzi Kiratli, as dependency exemptions. That the Commissioner of Internal Revenue disallowed *207 the claimed exemptions. That the petitioner deducted the cost of his auto tags on his 1965 income tax return. That the Commissioner disallowed this deduction. That the petitioner now concedes this issue, involving the deductibility of his auto tags, in full. We incorporate herein by this reference the exhibit referred to in the stipulation. Petitioner and his wife separated on February 1, 1965. The wife left the home and took with her their 2 minor children. Petitioner testified that "the total amount to my estimation amounts to $2,432 which I feel is a logical and normal support to my children toward a reduction of $1,200." In a "Reply" filed herein on December 26, 1968, [1] and intended by petitioner to be a brief, petitioner submits a list of "expenses" which we assume to be on account of the support of his minor children in the total amount of $2,749.96. In this "Reply," petitioner "denies that he has not contributed at least 50% of the total support * * *." However, at the trial petitioner on cross-examination testified as follows: Q. What was the total amount required or what was the total amount contributed for the support of the children from all sources, from *208 you, from other sources, from everything? A. I have the figures which I included with the exhibit, $2,432. Q. That is what you provided, correct? A. That is correct. Q. What was provided from other sources? A. I do not know. As you know from the conference, I was not able to get any information. Q. You do not know what the total support was for the children? A. That is right. Q. You only know what you provided, is that right? A. That is correct. Q. Do you know the percentage of the total support that you provided? A. I am aware that it should be over 50 percent. I feel that mine is over 50 percent. Q. You feel that it is, but you do not know whether it is or not, is that correct? A. Obviously not, Mr. Dunlap. Nothing else in the record relates to the question of the total expenditures from all sources made during the taxable year for the support of petitioner's minor children. Section 151 of the Internal Revenue Code of 1954 provides that a deduction shall be allowed of "an exemption of $600 for each dependent (as defined in section 152) * * * who is a child of the *209 taxpayer * * *." Section 152 provides that "the term 'dependent' means [a son or daughter of the taxpayer] over half of whose support, * * * was received from the taxpayer." In order to prove that he is entitled to a deduction of the exemption here claimed, the taxpayer must prove that over half of the support of his children, alleged to have been his dependents, was received from the taxpayer. See Robert I. Brown, 48 T.C. 42. It is obvious from the record herein that the petitioner in this case has failed to adduce such proof. We point out that the provisions of section 152(c) which might have been helpful to petitioner apply only to years beginning after December 31, 1966. Decision will be entered for the respondent. 497 Footnotes
1. The trial in this case took place on November 4, 1968.↩