Arthur V. Anderson v. Commissioner.
Anderson v. Commissioner
Docket No. 5902-68.
United States Tax Court
T.C. Memo 1969-267; 1969 Tax Ct. Memo LEXIS 25; 28 T.C.M. (CCH) 1357; T.C.M. (RIA) 69267; December 11, 1969, Filed. Arthur V. Anderson, pro se, 28037 118th Ave., Kent, Wash. Stephen E. Silver, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $300 in petitioner's Federal income tax for the year 1966. The only issue for decision is whether the petitioner provided in 1966 more than one-half of the total support of his two children so that he is entitled to deductions for dependency credit exemptions for them under sections 151(e) and *26 152(a), Internal Revenue Code of 1954. Based upon the community property division of income in the State of Washington, respondent concedes that for the period in 1966 when Arthur and Clair Anderson were living together, petitioner's income was overstated on his Federal income tax return by $265.61 and that his withholding was understated by $30.74. These can be given effect in the Rule 50 computation. Findings of Fact Some of the facts have been stipulated by the parties and are so found. Arthur V. Anderson (herein called petitioner) was a legal resident of Kent, Washington, at the time he filed his petition in this proceeding. His Federal income tax return for the year 1966 was filed with the Western Service Center, Internal Revenue Service, Ogden, Utah. In 1966 and prior thereto the petitioner was married to Clair Anderson (now Clair Rothenbuhler). He lived with Clair and their two children, Eric, then age 11, and Susan, then age 12, in the same household from January 1, 1966, until April 30, 1966. On May 1, 1966, petitioner and Clair separated. After the separation Susan continued to live with her mother and Eric lived with his father from May 20 *27 until June 11, and again for one month from July 15 to August 15. The remainder of the year 1966 Eric lived with his mother. On June 28, 1966, an Order Pending Trial was entered in the Superior Court for King County, Washington. The Order provided, among other things, that petitioner would pay $50 per month for the support of each child and that he would have visitation rights with his children on Monday and Wednesday from 4:30 p.m. until 9 p.m., and on Saturday from 10 a.m. until 8 p.m. The money used to support both children from January 1 through April 30 came from the community funds of petitioner and Clair, thus entitling each to claim 50 percent of the total support for the children for such period. From May 1, 1966, through December 31, 1966, petitioner made support payments to Clair for the benefit of Eric in the amount of $277 and for Susan's benefit in the amount of $300. In addition, petitioner made other allowable expenditures for the suport of Eric in the amount of approximately $450 and for the support of Susan in the amount of approximately $400. The total support provided by petitioner and Clair during 1966 for Eric was approximately $1,375 and for Susan the *28 total support was approximately $1,425. Petitioner provided more than half of Eric's total support in 1966. Petitioner provided less than half of Susan's total support in 1966. Opinion The only issue we must decide is whether the petitioner is entitled to the dependency exemptions he claimed for his two children 1358 in 1966 under section 151(e), Internal Revenue Code of 1954. Section 152(a) defines the term "dependent" as meaning a son or daughter of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." Thus petitioner has the burden of proving not only the amount he contributed toward each child's support, but also that it exceeded one-half of that child's total support in 1966. Aaron F. Vance, 36 T.C. 547 (1961); Robert I. Brown, 48 T.C. 42 (1967). On this record we think the petitioner has met his burden of proof with respect to Eric but not as to Susan. We have determined that in 1966 petitioner contributed $727 for the support of Eric and $700 for the support of Susan. In arriving at these amounts, we have excluded the amounts *29 for the visitation trips, Aaron F. Vance, supra at 550, and reduced the amounts claimed for the "horse care and feed" expense, food and clothing. We believe some of the claimed expenditures are inflated. We have also reduced to a lesser extent some of the expenditures claimed by Clair, although we regard them as somewhat more accurate than petitioner's. In addition, we have given weight to the fact that Eric lived with petitioner for about seven weeks and spent considerably more time with him. This increased the amount petitioner provided for Eric's support and decreased the amount Clair had to provide. Petitioner and Clair fulfilled their parental responsibilities by providing a substantial amount for the support of each child. The figures are indeed close. While not entirely free from doubt, we have found as a fact and concluded that the petitioner is entitled to the dependency exemption for Eric, but not for Susan. To reflect this conclusion and to give effect to respondent's concession, Decision will be entered under Rule 50.