William F. Willis v. Commissioner.
Willis v. Commissioner
Docket No. 1560-69 SC.
United States Tax Court
T.C. Memo 1970-2; 1970 Tax Ct. Memo LEXIS 356; 29 T.C.M. (CCH) 2; T.C.M. (RIA) 70002; January 6, 1970, Filed. William F. Willis, pro se, 8004 Cooper Ave., Ft. Meade, Md.S.C. Reeves, for the respondent. 3 DAWSON
Memorandum Findings *357 of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $576 in petitioner's Federal income tax for the year 1967. The only issue for decision is whether petitioner provided more than half of the total support of his three children, Constance, Phyllis and Regina, and his niece and nephew, Mary and Michael, during 1967, so that he is entitled to deductions for dependency credit exemptions for them under sections 151(e) and 152(a), Internal Revenue Code of 1954. Findings of Fact William F. Willis (herein called petitioner) resided at Fort Meade, Maryland, at the time he filed his petition in this proceeding. He filed his Federal income tax return for 1967 with the Internal Revenue Service Center at Chamblee, Georgia. Petitioner and Celia Frances Willis were married on February 4, 1956, and were divorced on March 19, 1964. They have three minor children, Constance, Phyllis and Regina. The divorce decree provided that petitioner would pay $75 per month for the support of the children. For several years prior to and during 1967 petitioner served in the United States Army. In 1967, petitioner was stationed at Fort McClellan, Alabama. From January 1967 until *358 sometime in June 1967 the three children lived in an apartment in Baltimore, Maryland, in the custody of their mother. During this period the petitioner made support payments of $75 per month and contributed an additional $65 per month for his children's support. Their mother was not working but received welfare payments. From June 1967 through December 1967, the three children were in petitioner's custody and lived with him in a rented house in Anniston, Alabama. During this seven-month period petitioner provided all of the support for each child. This amounted to approximately $700 for each child. Petitioner provided more than half of the total support of Constance, Phyllis and Regina during the year 1967. During 1967 petitioner provided approximately $30 per month for the support of his niece, Mary, and his nephew, Michael, both of whom lived with his sister and mother in Crewe, Virginia. Petitioner's mother owned the home in which Mary and Michael lived. She worked part of the time and received social security payments. Petitioner's sister did not work during 1967, but she received welfare payments. Petitioner did not provide more than half of the total support for Mary and *359 Michael in 1967. Opinion The only issue we must decide is whether the petitioner is entitled to the dependency exemptions he claimed for his three daughters and his niece and nephew in 1967. Section 152(a)(1) defines the term "dependent" as meaning a daughter of the taxpayer "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer." Section 152(e)(1), which is applicable with respect to the year 1967, provides as follows: (e) Support Test in Case of Child of Divorced Parents, Et Cetera. - (1) General Rule. - If - (A) a child (as defined in section 151 (e)(3) receives over half of his support during the calendar year from his parents who are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement, and (B) such child is in the custody of one or both of his parents for more than one - half of the calendar year, such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year unless he *360 is treated, under the provisions of paragraph (2), as having received over half of his support for such year from the other parent (referred to in this subsection as the parent not having custody). Petitioner clearly qualifies under the general rule of section 152(e)(1) for the personal exemption deductions for his three daughters. Petitioner and Celia were divorced and they did not file a joint income tax return for 1967. The combined support of each child furnished by them amounted to more than one-half of the trial support of each child for the year. Each child was in the custody of both parents for more than one-half of the year. And petitioner had custody of each child for a greater portion of the calendar year 1967. Accordingly, we hold that petitioner is entitled to the personal exemption deductions for Constance, Phyllis and Regina for the year 1967. While it is commendable that petitioner sent money to his sister each month to 4 assist in the support of his niece and nephew, we are unable to infer from the evidence presented herein either "a range or outside amount" which was spent for the support of Mary and Michael in 1967 by people other than petitioner. Robert I. Brown, 48 T.C. 42, 44 (1967). *361 Consequently, we are constrained to hold that petitioner has not established the total support of Mary and Michael for 1967 and therefore has failed to meet his burden of proof with respect to them. To reflect our conclusions, Decision will be entered under Rule 50.