William Alexander, Jr., and Aileen C. Alexander v. Commissioner.
Alexander v. Commissioner
Docket No. 2924-69 Sc.
United States Tax Court
T.C. Memo 1970-33; 1970 Tax Ct. Memo LEXIS 327; 29 T.C.M. (CCH) 95; T.C.M. (RIA) 70033; February 5, 1970, Filed, James J. Meter, 24 Maple Terrace, Monroe, Conn., for the petitioners. Larry Kars, for the respondent. 96 DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $413.91 in petitioners' Federal income tax for the year 1965. Petitioners have conceded an addition to income of $50 based on the disallowance of a casualty loss. The only issue for decision is whether petitioners provided more than half of the total support of three minor children. Findings of Fact Some facts have been stipulated and are so found. William Alexander, Jr., and Aileen C. Alexander are husband and wife, who resided in Wilton, Connecticut, at the time they filed their petition herein. They filed a joint Federal income tax return for 1965 with the district director of internal revenue, Hartford, *328 Connecticut. "Petitioner" shall hereinafter refer to William Alexander, Jr. Petitioner is the father of three minor children by a prior marriage. By order of the Superior Court of California, County of Los Angeles, petitioner is required to pay $75 per month for the support of each of these children while they remain in the custody of petitioner's former wife, Monica Alexander. Petitioner is also required to maintain a policy of medical and hospital insurance for the benefit of these children. Pursuant to the court order petitioner paid $2,700 to his former wife for child support in 1965, and maintained health insurance at a cost of $204. Since the health insurance policy also covered petitioner's present wife and two more children, the share allocable to the claimed dependents is 3/7 of $204, or $87.43. Petitioner also expended $835 for gifts and entertainment for the three children in 1965. His contribution toward their total support in 1965 was $3,622.43. Petitioner's estimate of his former wife's earnings as a school teacher in 1965 was $5,000. Petitioner had no knowledge of the amount of rent paid by his former wife from January through April, when she and the children were *329 living in Canada. He had no knowledge of the fair rental value of his former mother-in-law's house, where the children lived until sometime after August. He had no knowledge of the fair rental value of the house subsequently purchased by his former wife. He did not know the amount of the mortgage and tax payments. He had no knowledge of the amounts spent for food, clothing and other necessary support items in 1965. Petitioner failed to show, even within a reasonable range, the amount of the children's total support in 1965. Opinion To be entitled to a deduction for a dependency exemption under section 151(e), [1] Internal Revenue Code of 1954, a taxpayer must provide over one half of the claimed dependent's total support. [2] Thus the petitioner has the burden of proving not only the amount he contributed toward each child's support, but also that such amount exceeded one half of that child's total support in 1965. Aaron F. Vance, 36 T.C. 547 (1961); Robert I. Brown, 48 T.C. 42 (1967). We realize that petitioner has expended considerable amounts of money in 1965 toward the support of his children by his prior marriage, while at the same time supporting *330 his new family. His generous approach to his parental responsibilities is commendable. However, on this record, he has not been able to meet the difficult task of showing what the total support was for the three children who were then living with his former wife in Canada and California. Accordingly, we hold that he is not entitled to such dependency exemptions in 1965. *331 Decision will be entered for the respondent. 97 Footnotes
1. SEC. 151(e) Additional Exemption for Dependents. - (1) In General. - An exemption of $600 for each dependent (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. ↩
2. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either,↩