James Leslie Goodier and Nancy Woodward Goodier v. Commissioner.
Goodier v. Commissioner
Docket No. 2603-69 SC.
United States Tax Court
T.C. Memo 1970-52; 1970 Tax Ct. Memo LEXIS 307; 29 T.C.M. (CCH) 238; T.C.M. (RIA) 70052; March 2, 1970, filed. James Leslie Goodier, pro se, R.F.D. #1, Andover, Conn.Alan I.Weinberg, for the respondent. FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioners' income tax for 1966 in the amount of $131.70. The sole question presented for decision is whether petitioner James Leslie Goodier furnished 239 more than one-half of the support of his daughter Melodee. Findings of Fact Petitioners, husband and wife, were legal residents of Connecticut at the time their petition was filed. They filed their joint tax return for 1966 with the district director of internal *308 revenue, Hartford, Connecticut. James Leslie Goodier will be referred to herein as petitioner. Prior to 1961 petitioner was married to Marie K. Goodier (hereinafter referred to as Marie). They had two children, Bryan Leslie and Melodee. By a final decree entered October 9, 1961, in the Circuit Court of the Sixth Judicial Circuit of Florida, petitioner and Marie were divorced. Under the terms of the decree, Marie was awarded custody and control of the two children, and petitioner was granted visitation rights. The decree also: (1) Obligated petitioner to pay Marie alimony of $75 per month and child support payments of $200 per month; (2) ordered petitioner to maintain hospitalization and related insurance on the children, as well as a $30,000 insurance policy on his life, naming the children as beneficiaries; (3) gave Marie exclusive possession of their former residence, owned equally by her and petitioner; and (4) directed Marie to make the mortgage payments and to maintain fire and other insurance on the residence. Subsequent to the divorce decree but prior to 1966, petitioner conveyed his half interest in the residence to Marie. During 1966 petitioner made the following expenditures:
*309 (1) $2,400 to Marie, pursuant to the divorce decree, for the support of the two children; (2) $3.75 per week for a Blue Cross hospitalization insurance policy which covered petitioner, his present wife, and their two children, as well as Bryan Leslie and Melodee; (3) $5 per month to Melodee for spending money; (4) $60 to $100 for birthday, Christmas, and Easter presents for Melodee; (5) $10 for telephone calls to the children; (6) $128 for the life insurance policy required by the divorce decree; (7) transportation costs from California to Florida, incurred in visiting the children; and (8) $25 for entertainment of the children for one day. Petitioner claimed dependency exemption deductions for each of the children for 1966. The notice of deficiency disallowed the deduction claimed for Melodee for the reason that "it has not been established" that petitioner "furnished more than half the support of the child during the taxable year as required by Section 152 of the Internal Revenue Code." Opinion To be entitled to a deduction for a dependency exemption under section 151 as amplified by section 152 of the Internal Revenue Code *310 of 1954, [1] a taxpayer must provide over one-half of the claimed dependent's total support. Thus petitioner had the burden of proving not only the amount he contributed toward Melodee's support, but also that such amount exceeded one-half of her total support. Robert I. Brown, 48 T.C. 42, 43 (1967). Petitioner clearly established the amounts which he expended. [2] However, unfortunately, he was unable to offer any probative evidence showing the amount expended for Melodee's support by his former wife. He offered as evidence a copy of a statement allegedly prepared and filed with the Internal Revenue Service by Marie, detailing expenditures in excess of the amounts which he spent, and then sought to demonstrate that some of the items on the statement *311 were excessive. But this did not establish the amount of her expenses. Petitioner frankly admitted that he had no personal knowledge of Marie's income, other than his alimony and child support payments, or the amounts which she expended for the support of Melodee. Petitioner emphasizes that he was allowed dependency exemption deductions for both 240 of the children for each of the years 1961 through 1965. But we are not advised of the circumstances of such allowances, e.g., whether his returns for these years were investigated, or whether Marie expended smaller sums in those years than in 1966. In any event, section 152 requires separate proof for each year, and he has failed to make the requisite showing. Decision will be entered for the respondent. Footnotes
1. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer).. (1) A son or daughter of the taxpayer, or a descendant of either, * * *↩
2. Some of the items listed in our Findings are not properly includable in the cost of the support of a dependent, e.g., petitioner's personal expenses in visiting the children, talking with them by telephone, and premiums on the life insurance. Cf. Aaron F. Vance, 36 T.C. 547, 550↩ (1961).