William R. Chandler v. Commissioner.
Chandler v. Commissioner
Docket No. 3162-69 SC.
United States Tax Court
T.C. Memo 1970-61; 1970 Tax Ct. Memo LEXIS 299; 29 T.C.M. (CCH) 263; T.C.M. (RIA) 70061; March 11, 1970, Filed William R. Chandler, pro se. Box 13, Dover, N. H., Alan I. Weinberg, for the respondent. *300 FEATHERSTON
Memorandum Findings of Fact and Opinion FEATHERSTON, Judge: Respondent determined a deficiency in petitioner's income tax for 1967 in the amount of $102.72. The only issue presented for decision is whether petitioner is entitled to dependency exemption deductions for his two children, Elizabeth and David, for 1967. Findings of Fact Petitioner was a legal resident of Dover, New Hampshire, at the time his petition was filed. He filed his individual income tax return for 1967 with the district director 264 of internal revenue, Portsmouth, New Hampshire. On June 13, 1959, petitioner was married to Edith, his former wife. They had two children, Elizabeth and David, who were approximately 7 and 6 years of age, respectively, in 1967. Petitioner and Edith lived together in Illinois until 1964, when she and the children moved to Bethesda, Maryland. Litigation thereafter was instituted by petitioner in the Illinois courts. He obtained, among other orders, a decree of separate maintenance, but he was not awarded custody of the children. Edith concurrently instituted proceedings in the Maryland courts seeking custody of the two children and payments for their *301 support from petitioner; she later obtained a decree of divorce. The parties also subsequently engaged in litigation in the courts of New Hampshire involving the support of the children. During 1967 petitioner made the following payments: (a) $900 through the New Hampshire probation department for the support of the children; (b) $11.85 for a premium on an accident insurance policy for Elizabeth, in which petitioner was named beneficiary, and (c) $41.24 for clothing for the children. He also incurred expenses in visiting the children and talking with them by telephone. Petitioner lived in a mobile home, for which he incurred the following expenses during 1967: Mortgage payments
$684.00
Park rent
300.00
Electricity
111.04
Oil
81.21
Telephone
209.03
Bottled gas
24.00
Home owner's insurance
36.00
Taxes
102.16
Miscellaneous 13.50
Total
$1,560.94 ,the children did not reside with petitioner during any part of 1967; they lived with their mother in Maryland. On his income tax return for 1967 petitioner clamed dependency exemption deductions for Elizabeth and David. Respondent disallowed the deductions. Opinion Petitioner's claim to the disputed *302 deductions rests upon his assertions that his separation from his former wife, Edith, was due wholly to her fault; that she and the children therefore retained his domicile; and that, consequently, he was legally and morally obligated to provide and maintain a suitable home for them. He contends that since he discharged this obligation by maintaining the mobile home at a cost, and with a fair rental value, of $1,560.94, the total amount he provided for the children's support should include an allocable portion (two-thirds) of the rental value, or $1,040.62. He would have us add this sum to the support and other payments totaling $953.09 to arrive at a grand total of $1,993.71 as the amount provided by him for the children's suport during 1967. On this basis, he maintains, if we understand him correctly, that he is entitled to the disputed deductions by virtue of section 152(e)(2)(B). [1]
*303 We need not consider the thorny problem of applying that section where, as here, one of the parents is not before the Court, because we do not think petitioner has shown that he provided the requisite $1,200 for the support of his two children. That amount would be equaled or exceeded only if part of his maintenance of the mobile home is considered an item of support. Contrary to petitioner's contention, the locus of the children's domicile is irrelevant to this determination. The significant factors are that the children did not "receive" [2] their housing from petitioner, 265 and he did not "furnish" [3] it for them; they lived with their mother. Indeed, petitioner frankly admitted that the children were never present in his home during 1967. Accordingly, no portion of the fair rental value of the mobile home may be taken into account in computing the amount of support provided by petitioner. Cf. Warren C. Mawhinney 43 T.C. 443, 446 (1965), affirmed per curiam 355 F. 2d 462 (C.A. 3, 1966). *304 This Court is not unaware that under sections 151 and 152 a taxpayer-husband is frequently "faced with a difficult and often impossible task." Robert I. Brown 48 T.C. 42, 43 (1967). Nevertheless, the law is clear that to be entitled to a deduction for a dependency exemption under section 151(e)(1), a taxpayer must provide over one-half of the claimed dependent's total support. Thus, petitioner had the burden of proving not only the amount he contributed toward each child's support during 1967, but also that such amount exceeded one-half of that child's total support for that year. Since petitioner offered no evidence of what others, including his former wife, furnished toward the support of the children, we are compelled to hold that he is not entitled to the disputed dependency exemption deductions for 1967. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. SEC. 152. DEPENDENT DEFINED. * * * (e) Support Test in Case of Child of Divorced Parents, Et Cetera. - * * * (2) Special Rule. - The child of parents [divorced or legally separated under a decree of divorce or separate maintenance] shall be treated as having received over half of his support during the calendar year from the parent not having custody if - * * * (B)(i) the parent not having custody provides $1,200 or more for the support of such child (or if there is more than one such child, $1,200 or more for all of such children) for the calendar year, and (ii) the parent having custody of such child does not clearly establish that he provided more for the support of such child during the calendar year than the parent not having custody. * * *↩
2. See sec. 152(a)(1), which provides as follows: SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer): (1) A son or daughter of the taxpayer, or a descendant of either, * * * ↩
3. See sec. 1.152-1(a)(2)(i), Income Tax Regs.↩, which provides, in part, that "Generally, the amount of an item of support will be the amount of expense incurred by the one furnishing such item."