John E. Rempert and Audrey C. Rempert v. Commissioner.
Rempert v. Commissioner
Docket No. 3795-69 SC.
United States Tax Court
T.C. Memo 1970-226; 1970 Tax Ct. Memo LEXIS 132; 29 T.C.M. (CCH) 979; T.C.M. (RIA) 70226; August 6, 1970, Filed. John E. Rempert, pro se, 18359 Van Ness Ave., Torrance, Calif. Stephen W. Simpson, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $264 in petitioners' Federal income tax for the year 1966. The only issue for decision is whether petitioners provided more than one-half of the total support of the two children of John E. Rempert in 1966 so that they are entitled to the dependency exemptions for them under sections 151(e) and 152(a), Internal Revenue Code of 1954. Findings of Fact Some of the facts were stipulated by the parties and are found accordingly. John E. and Audrey C. Rempert (herein called petitioners) are husband and wife whose legal residence was Torrance, *133 California, when they filed their petition in this proceeding. Their joint Federal income tax return for the year 1966 was filed with the district director of internal revenue at Los Angeles, California. John E. Rempert (herein called petitioner) and Shirley Jean Rempert, his former wife, were married on March 14, 1953. They separated in September 1960, obtained an interlocutory decree of divorce in June 1961, and a final decree of divorce on May 31, 1963. Petitioner and his former wife, Shirley Jean Rempert, during their marriage had two minor children, Kenneth Brian Rempert and Cynthia Louise Rempert, born in 1956 and 1957, respectively. Under the terms of a "Separation, Alimony, Child Support and Custody Agreement" incorporated by reference into the interlocutory decree of divorce entered June 5, 1961, custody of these children was awarded to Shirley Jean Rempert, and petitioner was ordered to pay $100 per month for the support of each child. Petitioner was also ordered to pay any extraordinary medical, dental or hospital expenses incurred by the children, on demand of Shirley Jean Rempert, provided petitioner was consulted prior to such expenditures, except in case of any emergency. *134 Finally, petitioner was required to maintain three life insurance policies in full force with either Shirley Jean Rempert or his minor children as sole primary beneficiaries under the policies until each child attained 21 years of age, married, became self-supporting, or otherwise emancipated. During the year 1966, by order of the Superior Court of the State of California, County of Los Angeles, petitioner was required to pay $105.76 per month for the support of each child. Petitioner also maintained health insurance covering these children at a cost of $203.45. Since this additional health insurance covered at least petitioner's two children and his present wife, the share allocable to the claimed dependents is two-thirds of $203.45 or $135.64. Petitioner also expended $214.48 in premium payments to maintain the three life insurance policies in force. In addition, petitioner expended approximately $32 per child during 1966 for gifts and entertainment. Petitioner's contribution toward the total support of each of his minor children was $1,368.94, consisting of cash contributions of $1,269.12, health insurance payments of $67.82 and gift and entertainment expenses of $32. 980
*135 In 1966, Kenneth and Cynthia Rempert resided with their maternal grandparents, Mr. and Mrs. Millard F. Foist. Their total support in 1966 was provided by petitioner and Mr. and Mrs. Foist. The gross income of Mr. and Mrs. Foist in 1966 was $17,800. The Foists received and used the child support payments provided by petitioner in the amount of $2,538.24 and obtained a loan of $2,000 from a relative in 1966. During 1966, Mildred Foist, the children's maternal grandmother, managed the family's household affairs and paid the family expenses by cash or check, maintaining a diary of such expenditures. This diary, along with numerous canceled checks evidencing payment of certain expenses and schedules prepared by Mrs. Foist, show her computations of total support provided for Kenneth and Cynthia Rempert in 1966. The total amount spent for the support of Kenneth and Cynthia Rempert in 1966 was approximately $6,375.62, as follows: Kenneth
Cynthia
Lodging
$1,103.00
$1,103.00
Utilities
192.00
192.00
Food
600.00
600.00
Clothing
180.00
180.00
Medical and dental
50.00
50.00
Vitamins and drugs
36.00
36.00
Modical insurance
67.82
67.82
Child care
120.00
100.00
Music lessons and supplies
174.00
194.00
Gifts
65.50
74.50
School books and lunches
96.00
68.00
Transportation
52.00
52.00
Recreation and miscellaneous 475.74
446.24
$3,212.06
$3,163.56
*136 Petitioner did not provide more than one half of the total support for either Kenneth or Cynthia Rempert in 1966. Opinion The issue we must decide is whether petitioners are entitled under section 151(e), Internal Revenue Code of 1954, to the dependency exemptions for Kenneth and Cynthia Rempert claimed by them in 1966. The resolution of this issue depends entirely upon whether petitioners contributed more than one-half of the total support furnished for each of these children. The burden of proving this falls upon the petitioners. Aaron F. Vance, 36 T.C. 547 (1961); Robert I. Brown, 48 T.C. 42 (1967). We have determined that in 1966 petitioners contributed $1,368.94 toward the support of Kenneth and $1,368.94 toward the support of Cynthia. In arriving at these figures we have excluded the amounts for the visitation trips, Aaron F. Vance, supra at 550, which point petitioner does not press on brief, and we have also excluded the amounts paid for life insurance on the life of petitioner under which his minor children are the primary beneficiaries until they reach age 21 or become otherwise emancipated. These payments *137 for life insurance are not a proper item of support. See Aaron F. Vance, supra at 550. We have also reduced some of the expenditures claimed to have been made on the children's behalf by the Foists. However, even after making such reductions, petitioners have failed to prove that they provided over half of the total support for Kenneth and Cynthia Rempert in 1966. Accordingly, Decision will be entered for the respondent.