Lucille Marshall v. Commissioner.
Marshall v. Commissioner
Docket No. 5756-69SC.
United States Tax Court
T.C. Memo 1970-330; 1970 Tax Ct. Memo LEXIS 31; 29 T.C.M. (CCH) 1509; T.C.M. (RIA) 70330; November 25, 1970, Filed. *31 Held, the petitioner has failed to prove that she provided more than one-half of the support of a dependent for whom she claimed a deduction. Lucille Marshall, pro se, 18 Albermorle Ave., New Rochelle, N. Y. Kimball K. Ross, for the respondent. SIMPSON
Memorandum Findings of Fact and Opinion SIMPSON, Judge: The respondent determined a deficiency of $98.86 in the petitioner's Federal income tax for 1967. The issue for decision is whether the petitioner has proved she is entitled to a dependency deduction for her mother for the year 1967. *32 Findings of Fact The petitioner, Lucille Marshall, maintained her legal residence in New Rochelle, New York, at the time she filed her petition in this case. Although she was married, she filed a separate Federal income tax return for 1967 with the district director of internal revenue, New York, New York. During 1967, the petitioner, her husband, and her mother, Mrs. Isabelle Guthrie, shared a residence in New Rochelle, New York, which was owned jointly by the petitioner and her mother. Mrs. Guthrie received Social Security benefits in the amount of $83.70 per month. She turned over $70.00 a month to the petitioner to be used toward the expenses of maintaining herself and the household. The petitioner purchased all the food and paid all the expenses of maintaining the household, including the costs of telephone, electricity, oil, water, and taxes. She also paid for the clothing for, 1510 entertainment of, and medical care for, her mother. No one, besides the petitioner and her mother, contributed to the support of Mrs. Guthrie. In her return for 1967, the petitioner claimed a dependency deduction for her mother, but in the notice of deficiency, the respondent disallowed *33 such deduction. Opinion We must decide whether the petitioner is entitled to the dependency deduction for her mother, Mrs. Guthrie. Section 151 of the Internal Revenue Code of 1954[1] allows a deduction for each dependent, and section 152(a) defines dependent to include a mother for whom the taxpayer provides more than one-half of the support. The petitioner has the burden of proving that she is entitled to a deduction for a dependent. Aaron F. Vance, 36 T.C. 547, 549 (1961); Rule 32, Tax Court Rules of Practice.To prove her right to the deduction, the petitioner must show the amount of support furnished by her and the amount of the total support of the dependent. At times, a petitioner may be able to establish that he has furnished more than one-half of the total support, even though he is unable to prove the precise amount of the total support. Russell W. Boettiger, 31 T.C. 477, 486 (1958). However, if the Court, from the evidence presented, cannot find that the petitioner has furnished more than one-half of the total support, the deduction must be denied. Robert I. Brown, 48 T.C. 42 (1967). *34 It is clear from the evidence that Mrs. Guthrie furnished at least $840 toward her own support. The petitioner testified as to certain amounts which she claims to have paid for the maintenance of the household shared by her, her husband, and her mother. However, much of that testimony appeared to be merely general estimates. There was no documentary support, and no other evidence confirming the accuracy of the totals stated by the petitioner. Moreover, in several instances, it was not clear whether she was testifying as to the total amount paid in connection with the household or as to the share properly allocable to Mrs. Guthrie. Because of the vagueness and uncertainties in this testimony, we have made no findings as to the amounts supplied by the petitioner. In any event, it does seem clear that the petitioner has not established that she furnished more than one-half of the total support of her mother. In her testimony, the petitioner appeared to be treating as support furnished by her the fair rental value of that part of the residence occupied by her mother. However, since Mrs. Guthrie was a co-owner of the residence, she furnished her own lodging, the fair rental value of *35 which must be included in her total support; but obviously, the petitioner is not entitled to treat such value as an item of support furnished by her. The evidence is indefinite as to the rental value of the property, but if the rental value as stated by the petitioner is added to the other items testified to by the petitioner, the total support of Mrs. Guthrie is substantially more than twice the net amount which the petitioner claims to have provided for her; that is, the amount spent by her reduced by the contributions of Mrs. Guthrie. Thus, even if the evidence is viewed most favorably for the petitioner, it is altogether clear that she has failed to prove that she furnished more than one-half of the total support of her mother, and therefore, we must hold that she is not entitled to the dependency deduction. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954.↩